## In re COOPER.

(Supreme Court, Appellate Division, First Department. June 23, 1905.)

1. INCOMPETENT PERSON—PLACE OF RESIDENCE—SELECTION BY COMPETENT.

    Where an incompetent, competent to decide on his manner of life, desired to remain in New York, where he had lived for 15 years, and continue the method of life to which he had grown accustomed and which he enjoyed, and a removal to his former residence would result injuriously to him, the court, in proceedings for the appointment of a committee, should direct that he should not be taken out of the court's jurisdiction without its consent.

2. SAME—SELECTION OF COMMITTEE.

    The court, in selecting a committee of an incompetent should consider the welfare of the incompetent, and where the committee must maintain intimate relations with his relatives their wishes and interests, if they coincide with the incompetent's welfare, must not be ignored.

3. SAME—SELECTION OF COMMITTEE—CONTEST—APPOINTMENT OF REFEREE.

    Where, in proceedings for the appointment of a committee of an incompetent, whose estate is large, the averments in the affidavits as to the

propriety of appointing the different persons suggested are conflicting, the court must appoint a referee to take testimony as to the proper person to be appointed, and report the same, with his opinion thereon.

Appeal from Special Term, New York County.

Proceedings for the appointment of a committee for William M. Cooper, an alleged incompetent. From so much of an order as appoints a certain person a committee, the petitioners, the heirs and next of kin of the incompetent, appeal. Modified.

Argued before HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John B. Stanchfield, for appellants.
A. Walker Otis, for respondent.

O'BRIEN, J. By the petition of the heirs at law and next of kin of William F. Cooper, these proceedings were instituted to inquire into his alleged incompetency, and after a thorough hearing a jury found that he was an incompetent person. Thereupon the petitioners moved for a confirmation of the findings of the jury and the appointment of the incompetent's brother-in-law Stockell, residing in the state of Tennessee, and of one Berry, residing in the city of New York, as a joint committee of the property and person. No objection was made to the confirmation of the findings of incompetency or to the appointment of a committee, but attorneys appearing on behalf of the incompetent objected to the selection as such committee of the persons named by the petitioners, and asked instead for the appointment of a trust company as committee of the property, and of one Kettle as committee of the person. On the argument of the motion affidavits were presented to the court by both parties as to the propriety of appointing the different parties suggested, and upon these affidavits, which were conflicting, the court made its final order appointing a trust company as committee of the property and Kettle as committee of the person. From that part of the order only which appoints Kettle the petitioners have appealed, and the sole question therefore presented for determination is whether the court was right in appointing him.

It appears that William F. Cooper at the time of the hearing was a bachelor, 84 years of age, and during the active part of his life had been a prominent lawyer of Tennessee, and for many years a justice of the Supreme Court there. In 1890 he gave up active business, and removed from his native state to New York City, in order that he might have the use of the libraries there in conducting literary researches in which he was interested. Shortly after coming to that city he took up his residence in an apartment hotel of which Kettle was the superintendent, and he had remained there continuously up to the time of the hearing. During that period his relations with Kettle and the latter's family were intimate and friendly, and he apparently became attached to them. On the motion to confirm the findings of the jury and appoint a committee one of the affidavits presented to the court was made by the incompetent himself, and in it he states that his objection to the appointment of the

persons named by the petitioners is based upon the ground that he believes they might remove him from the city of New York, where he desires to remain, in order that he may continue the method of life to which he has grown accustomed, and which he enjoys. Affidavits were also presented by physicians tending to show that Judge Cooper is competent, at least, to decide upon the manner of living which gives him the greatest happiness and comfort, and they express the opinion that an enforced removal to Tennessee, with its attendant change in his method of life and environment, would result injuriously to him, in view of the fact that he has for the past 15 years lived in this city, and acquired the habits of a literary recluse. Under such circumstances it would be manifestly improper to remove him from his accustomed habitation and surroundings against his wishes and provision should be made that the committee shall not take him out of the jurisdiction of this court without its permission.

In the selection of the committee the court should exercise the greatest care, in order that the rights of all parties interested may be best subserved. The welfare and happiness of the incompetent himself is the important consideration; but as the committee in this case must maintain more or less intimate relations with his relatives, their wishes and interests, if they coincide with the incompetent's welfare and happiness, ought not to be ignored. As said in the Matter of Lamoree, 32 Barb. 122:

"The appointment of a stranger to execute a trust so delicate and of such responsibility without the request of the relatives and next of kin of the lunatic, without an order of reference, and without notice to the persons having a prospective interest in the estate, is not authorized by the practice of the courts having jurisdiction over such matters. If the next of kin unite in a petition, and name a proper person as committee, or give their consent in writing to the appointment of a particular person, it is usual to select such person. But if the next of kin have not consented or united in the petition, there should be an order of reference, and then the next of kin are entitled to notice of the proceedings upon the reference, and to propose themselves as the committee."

The person named by the court was a stranger, and was vigorously objected to by the relatives, who presented affidavits tending to show that the selection was not a wise one. These affidavits were contradicted by others presented on behalf of the incompetent, and thus a question of fact was raised, which, in our opinion, under the circumstances of this particular case, should have been determined only after a thorough examination of the affiants. In most instances a disagreement between parties interested as to the proper person to be selected as a committee should be determined by the court at Special Term and upon affidavits; as, for instance, where one of the persons suggested has such an interest in the welfare of the incompetent and the preservation of his estate as to make him the natural and proper person to receive the appointment, or where the estate of the incompetent is so small that to impose upon it the cost of a reference would be a substantial hardship, and deprive the incompetent of the benefit of funds needful for his maintenance. But in the present case a different situation exists. The estate of

the incompetent is of such size that the expense of a reference will not affect it to an appreciable extent, and, as already indicated, all the relatives object to the appointment of the person selected, who is a stranger to the blood.

Without criticising in any way, however, the appointment which has been made, and without expressing any opinion as to the person who should ultimately be selected, we are of the opinion that, in view of all the conditions shown to exist, the interests of the parties, including the incompetent himself, will be best safeguarded by a thorough inquiry as to the qualifications of the different persons suggested and as to the verity of the allegations concerning them in the conflicting affidavits. Such inquiry can be had upon a reference, where witnesses can be thoroughly examined who are familiar with the situation and the character of the persons suggested as a committee, and this procedure will obviate the criticism which is now made by the appellants concerning the appointment made.

For these reasons the order appealed from should be modified by inserting a provision therein that the incompetent shall not be removed from the jurisdiction of the court without an order permitting such removal; and further provision appointing a referee to take testimony as to the proper person to be appointed as a committee of the person of the incompetent, and to report the same to the court, together with his opinion thereon; the present committee appointed by the Special Term to act until the further order of the court. As thus modified, the order to be affirmed, without costs.

HATCH and LAUGHLIN, JJ., concur.

PATTERSON, J. I concur in sending this matter to a referee.