County Court, Tompkins County, February, 1910.   [Vol. 66.

Matter of EDWARD KANE, an Incompetent Person.

(County Court, Tompkins County, February, 1910.)

**Insane persons — Guardianship —Appointment, qualification and tenure of committee — Persons who may be appointed.**

Where, upon a motion in a proceeding regularly had in a County Court to confirm the finding of a jury that an unmarried man whose parents are dead is an incompetent person, it appears that the interested parties are not able to agree upon any person as such committee, a brother of the incompetent with whom he has lived on a farm and to whom he is much attached, and to whom he has intrusted for safe keeping the care and custody of notes and certificates of deposit, will be appointed committee of his person and property in preference to a brother from whom he is somewhat estranged, and who lives five miles from the farm of the incompetent, though both brothers are equally competent to administer the trust.

APPLICATION to confirm finding of a jury and appointment of a committee of the person and property of an incompetent person.

Champlin & Buck, for John P. Kane.

John Courtney (M. N. Tompkins, of counsel), for Charles Kane.

SWEETLAND, J.   In proceedings regularly had in the Tompkins County Court at the January term, a jury rendered a verdict finding Edward Kane an incompetent person and fixing the value of his property at $2,850.   Edward Kane, the incompetent, is unmarried and his parents are dead.   This is a motion to confirm the findings of the jury and for the appointment of a committee of the person and property of said Edward Kane.   It is conceded by all concerned that he is an incompetent person, and there is no opposition to the finding of the jury as to his incompetency

and to the valuation of his property. But John P. Kane, a brother, has filed a petition asking that he be appointed committee of the person and property of said Edward Kane, which petition is supported by Thomas Kane, a brother, and by the affidavits of twelve otber persons. On the other hand, Charles Kane, a brother of said incompetent, and Lizzie O'Brien, sister, have filed a petition asking that Charles Kane be appointed committee of the person and property of said incompetent, which petition is supported by the affidavits of sixteen other persons.

The question to be determined is who is a proper person to act as committee of the person and property of said incompetent. The family is divided. As far as character and ability are concerned either candidate is a suitable person for the office of committee in this matter. There are not many adjudicated cases which bear directly on the subject under consideration. The purpose of the courts has been, in such cases, to consider the welfare and comfort of the incompetent and his interests in making the appointment of a committee. Matter of Cooper, 105 App. Div. 449. The incompetent and his brother Charles lived together all their lives on a farm in the town of Groton, until last fall, when Edward Kane was committed as an insane person. It appears that Edward and Charles were much attached to each other and that Edward, the incompetent, had intrusted the care and custody of his papers, consisting of promissory notes and bank certificates of deposit, to his brother Charles for safe keeping, and that Edward was somewhat estranged from his brothers, Thomas and John P. Kane. The property of the incompetent consists of $1,850 in personal property and a farm valued at $1,000, on which there are no buildings except the building used for keeping poultry. The products of the farm of the incompetent, including apples, potatoes, and vegetables, have been stored in the buildings on the farm occupied by Charles Kane across the road from the farm of the incompetent. Both the incompetent and Charles Kane are farmers, interested in their work, and thrifty persons. Charles Kane, living and working daily within sight of his brother's land, can with but slight expense

County Court, Tompkins County, February, 1910.   [Vol. 66.

superintend it and know what are its condition and needs. John P. Kane has been a school teacher, employed by an express company, and an .insurance agent, and lives in Cortland, some five miles from the farm of the incompetent. It seems that he is not so thoroughly in touch with the interests of. his brother, the incompetent, as is Charles Kane; and, conceding to John P. Kane equal capabilities for the position, he cannot manage the property of his brother with the economy that Charles Kane can, who lives in the immediate neighborhood of the incompetent's property and is thoroughly acquainted with it.

A strong array of affidavits was produced from citizens of the highest character and standing, who unreservedly pronounce Charles Kane in all respects competent to fill the duties of the committeeship, stating that he is industrious, honest, competent, a good citizen and prompt to meet his obligations.   An additional qualification suggests itself in this, that, should the incompetent partly recover, he would be more comfortable back in his own neighborhood on his own land with his brother Charles, amid the familiar farm scenes of his life where he has always lived, than elsewhere.

The interested parties are not able to agree on any person, either a relative, friend, or stranger to the blood, who is satisfactory to them as the committee for Edward Kane. The trust is of so great importance, both to the incompetent and his family, as to demand the utmost consideration.   The value of the estate of the incompetent is not sufficient to justify the delay and expense of a reference (Matter of Lamoree, 32 Barb. 122), and both parties desire to submit the case on the very full affidavits presented.   It seems to me that, if consistent with justice and good administration a member of the family can be selected for such a position, the preference should be given a member of the family; and the same principle would suggest, where equally competent, that a member of the family should be chosen who is most in accord with the incompetent and who is most agreeable to him.   It is clear upon all the facts in this case that Charles Kane is the natural and proper person to be appointed committee of his brother Edward Kane.   He is so

situated that he can well administer the trust, with but little cost to himself or to the estate of the incompetent, and is thoroughly competent.

Ordered that the finding of the jury be confirmed and Charles Kane be appointed committee herein.

Ordered accordingly.