In the Matter of DOROTHY F. RICE, an Alleged Incompetent Person. THAYER B. FARRINGTON, Appellant-Respondent; OSBORNE A. McKEGNEY, as Commissioner, Respondent-Appellant.

First Department, January 7, 1965.

*Thomas B. Fenlon* of counsel (*Joseph B. Breen* and *Ellen Jane Grandinetti* with him on the brief; *Emmet, Marvin & Martin,* attorneys), for appellant-respondent.

*Osborne A. McKegney,* respondent-appellant in person.

*Per Curiam.* The petitioner appeals from an order of adjudication of incompetency insofar as such order fixes the allowance to be paid to the Commissioner and insofar as it appoints an individual as cocommittee of the person and property of the incompetent.

The allowance of $2,000 to the Commissioner was grossly excessive. Ordinarily, even where the incompetent's estate is very substantial, the allowance should not exceed $300. (See *Matter of Berman,* 21 A D 2d 136.) Here, in view of the unusual size of the incompetent's estate and the concession in the affidavit of the attorney for the petitioner, we have fixed the sum of $1,000 as a proper allowance.

The appointment of the individual who had served as the Commissioner, as a cocommittee, was improper. We intend no criticism of him or of his ability and qualifications to perform the duties of a cocommittee, and we agree that there was no specific impropriety in his designation. From a policy standpoint, however, it is generally improper for a Commissioner who presides over the trial of the issue of incompetency to look forward to and be subject to consideration for the appointment as committee in the event of a finding of incompetency. Furthermore, in this case, appointment of a stranger as cocommittee was made without giving the members of the family of the incompetent an opportunity to be heard as to the selection of a particular individual. The family had requested that a certain bank be designated as sole committee, and under the circumstances here, the family and the special guardian should have

been given full opportunity to be heard with respect to whether or not a cocommitteeship was necessary and, in the event the court so determined, they were entitled to be heard in the matter of the selection of the person to serve as cocommittee. As stated in *Matter of Rothman* (263 N. Y. 31, 33), '' Such an appointment [of a committee of an incompetent] is not personal to the court, but rests in the exercise of a sound judicial discretion based upon the facts before the court. A disregard of such principles and the arbitrary appointment of one selected by the court without notice can only lead to criticism of the court and resentment on the part of the next of kin and parties in interest.''

It does not satisfactorily appear that here it was proper to burden the estate with the expense of having a dual committee. There is in the record an inference of a serious conflict of interest between the bank suggested by the family and the incompetent. There is no explanation for the long-time existence of the outstanding loans to the incompetent by the particular bank at a high rate of interest. There is no question that the incompetent was well able to pay off the loans and the loans are, in fact, collaterally secured by pledges of low income but high-grade securities many times the amount of the loans. It was stated on the argument that this particular bank was named as executor in an alleged last will and testament of the incompetent, that it would waive dual commissions and that therefore it would be advantageous to the estate to have the bank act as committee, but there is nothing in the record to bind the bank to any such waiver.

In the appointment of a committee, the interests of the incompetent are of paramount consideration. These interests may not be determined in a vacuum. Under the circumstances, we feel that a hearing should be held in the matter of a determination of whether or not there is a conflict of interest which should disqualify the particular bank from acting as committee and whether or not there is need or desirability for a cocommittee. To give full opportunity for a hearing of all properly interested persons and of presentation of all relevant proofs, all issues relevant to the matter of appointment of a proper committee for the incompetent are referred to the Honorable SAMUEL C. COLEMAN, as private Referee, to hear and report with his recommendations, to Special Term. The guardian ad litem, who was designated and heretofore appeared for the alleged incompetent in the inquisition proceeding, is hereby designated as guardian ad litem to appear for and represent the incompetent in the matter of the reference and on all proceedings thereon. Because of the very substantial fee which he was heretofore

allowed for his services, as guardian ad litem, an allowance to him of an additional fee will perhaps not be required.

Pending the designation and qualification of the person or persons to act as the committee for the incompetent, it may be advisable that outstanding loans be paid (with attendant tax implications to be fully considered) and other matters be promptly attended to in the interests of the incompetent and her estate. Therefore, pending the hearing and report of the Referee and the final appointment and qualification of a committee, the bank, which was designated as cocommittee, upon due qualification, should have the authority to act as sole committee in any specific matter upon approval of the Referee herein appointed.

Order, entered November 4, 1964, should be modified, on the law, on the facts and in the exercise of discretion, with costs and disbursements to all parties filing briefs payable from the incompetent's estate; to reduce the allowance to the Commissioner to $1,000; to vacate the appointment of the individual cocommittee; and to remand the proceeding to Special Term for a hearing before a Referee as hereinbefore provided, and for further proceedings thereon in light of this opinion.

Settle order on notice.

BOTEIN, P. J., BREITEL, VALENTE, STEVENS and EAGER, JJ., concur.

Order, entered on November 4, 1964, unanimously modified, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to all parties filing briefs payable from the incompetent's estate; to reduce the allowance to the Commissioner to $1,000; to vacate the appointment of the individual cocommittee; and to remand the proceeding to Special Term for a hearing before a Referee as provided in the opinion filed herein and for further proceedings thereon in light of the opinion *Per Curiam* filed herein. Settle order on notice.