■ In the Matter of THERESE STARRETT, a Proposed Conservatee. PAUL S. PIERSON, Appellant; SAMUEL J. NACHWALTER, Respondent.—Order, Supreme Court, New York County, entered March 24, 1976, denying petitioner's motion for leave to renew his application not to have a coconservator appointed, or, in the alternative, to appoint a coconservator nominated by the conservatee's next of kin, unanimously reversed, on the law and in the exercise of discretion, the renewal motion granted, and the order entered on February 3, 1976, unanimously modified, on the law and in the exercise of discretion, to strike the name of Samuel J. Nachwalter, Esq., as coconservator and in his stead to appoint Peter Solbert, Esq., as coconservator of Therese Starrett, conservatee, to serve without compensation, and under bond, without costs and without disbursements. Petitioner, a practicing physician, commenced this proceeding to have his aunt, Therese Starrett, declared conservatee and to appoint him as the conservator. The conservatee's next of kin in addition to the petitioner were listed as two half brothers and another nephew, petitioner's brother. The conservatee is about 80 years old and resides in a convalescent home. Her assets have an estimated value of $160,000. At a duly held hearing it was clearly established that a conservator was needed and that the proposed conservatee could not care for herself or for her property. At the conclusion of the hearing the court stated that it would appoint petitioner as conservator and that it might appoint a coconservator. Petitioner and the conservatee's family agreed to petitioner's appointment. He in turn agreed to serve without compensation so as to keep the value of the estate intact. The court was urged not to appoint a coconservator but that if one was to be appointed, it should be petitioner's brother. The court rejected this suggestion but indicated it would consider other names proposed by the family. Petitioner's counsel then suggested the appointment of Peter Solbert, Esq., a member of a prominent New York law firm which represents petitioner herein, and who also agreed to serve without compensation. The court appointed Mr. Nachwalter, a stranger to the family, as coconservator. This record does not warrant the appointment of a stranger coconservator which will subject the estate to the burden of fees. (See *Matter of Rice,* 22 AD2d 339.) It is the rare exception where a committee unanimously nominated by the next of kin should not be appointed. Strangers will not be appointed unless it is impossible to find within the family circles, or their nominees, one who is qualified to serve *(Matter of Dietz,* 247 App Div 366, 367). The same rule has been applied with respect to the appointment of a cocommittee *(Matter of Younker,* 42 AD2d 534; see, also, *Matter of Rothman,* 263 NY 31). Concur—Kupferman, J. P., Silverman, Capozzoli, Lane and Nunez, JJ.