In the Matter of SYDNEY ROTHMAN, an Incompetent Person.
CHARLES ROTHMAN, Appellant; MURRAY WALDMAN, as Committee, Respondent.

(Argued October 2, 1933; decided November 21, 1933.)

*Emanuel A. Stern* for appellant.   The field for exercise of discretion in the appointment of a committee for an incompetent person is a limited one.   It was a manifest abuse of discretion for the court to disregard the wishes of all of the incompetent's next of kin and to override the reports of the special guardian and official referee recom-

mending the appellant's appointment. (*Sporza* v. *German Sav. Bank*, 192 N. Y. 8; *Matter of Andrews*, 192 N. Y. 514; *Matter of Lamaree*, 32 Barb. 122; *Half Moon* v. *Canal Board*, 213 N. Y. 160; *Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22; *Matter of Superintendent of Banks*, 207 N. Y. 11; *Matter of Foster*, 254 N. Y. 614; *Matter of Cooper*, 105 App. Div. 449.)

*Albert Schatz* and *Murray Waldman* for respondent. There is ample evidence to sustain the finding by the court below of the possibility of adverse interests. (*Matter of Totten*, 179 N. Y. 112; *Tierney* v. *Fitzpatrick*, 195 N. Y. 433.) The court at Special Term, in view of the various conflicting interests disclosed by the record, properly exercised its discretion in appointing the respondent as successor committee. (*Matter of Page*, 7 Daly, 155; *Matter of Ownes*, 47 How. Pr., 150; *Matter of Cook*, 6 N. Y. Supp. 720.)

HUBBS, J. The committee of the incompetent filed a petition for a settlement of her account, for her discharge and the appointment of a substitute committee. The matter was sent to an official referee to settle her account. The referee and the parties to the proceeding, brothers and an incompetent sister, nephews and a niece, and the special guardian of the incompetent, suggested upon the application for the appointment of a substitute committee that one of the brothers of the incompetent should be appointed. A proposed order containing the name of the brother as substitute committee was submitted to the Special Term. The court struck out the name of the brother from the order and without notice to any of the parties in interest substituted the name of a third party who had not been mentioned. In a memorandum decision the court stated: " The brother may not be appointed because of the possibility of adverse interest."

The principles governing the appointment of a committee of an incompetent have long been firmly estab-

lished by decisions in this court and other courts of the State. We believe those principles are salutary and should be followed in making such an appointment, and when arbitrarily disregarded, the order making the appointment should be reversed.

Such an appointment is not personal to the court, but rests in the exercise of a sound judicial discretion based upon the facts before the court. A disregard of such principles and the arbitrary appointment of one selected by the court without notice can only lead to criticism of the court and resentment on the part of the next of kin and parties in interest.

The proper practice governing the appointment of a committee was stated in *Matter of Lamoree* (32 Barb. 122, 124, 125) as follows: " If the next of kin unite in a petition and name a proper person as committee, or give their consent in writing to the appointment of a particular person, it is usual to select such person. * * *

" Considering the close and intimate relations which the committee must maintain with the family and relatives of the lunatic, his power of control — all but absolute — over his person and property, the remote possibility of his ever being in a condition to make any disposition of his estate which shall prevent its descent and transmission to the heirs at law and next of kin, a rule of practice or of positive legislation which would justify the appointment of a stranger to execute the trust of committee without the assent and against the will of his family or other relatives, and without any sufficient or adequate cause, would be oppressive and intolerable."

The opinion in that case has been followed and approved. (*Matter of Cooper*, 105 App. Div. 449; *Matter of Foster*, 230 App. Div. 730; affd., 254 N. Y. 614; *Matter of Andrews*, 192 N. Y. 514.)

The practice so long firmly established should be followed.

No criticism has been made of the person appointed or

of his ability and qualifications to perform the duties of committee.

While we cannot approve the practice of naming a third person contrary to the expressed wishes of the parties in interest without notice, still we are constrained to affirm the order in this case as we feel that the Special Term was justified in deciding that the members of the incompetent's family had an adverse interest and for that reason the brother whom they suggested for appointment to the position should not have been appointed.

The order should be affirmed, with costs.

Pound, Ch. J., Crane, Lehman, Kellogg, O'Brien and Crouch, JJ., concur.

Order affirmed.