In the Matter of AMERICAN SURETY COMPANY OF NEW YORK, Judgment-Creditor-Respondent, against HERMAN KOFF, Judgment-Debtor-Appellant.—Order of the County Court, Nassau County, granting reargument of a motion to vacate and set aside a subpœna in a supplementary proceeding, and upon reargument adhering to the decision denying the motion, insofar as appealed from, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The judgment debtor obtained a discharge in bankruptcy on September 16, 1943, after the judgment upon which the subpœna was issued had been obtained. The finding of the court below that the judgment was based upon a debt created by the debtor's misappropriation of funds entrusted to him in a fiduciary capacity is not supported by the record. The debt arose upon an agreement to indemnify the creditor in connection with a bond which the creditor had given to the debtor's employer. Despite the allegation of the complaint that the debtor was employed in a trust capacity, it appears from the record that he was merely a salesman. The fact that he made collections for his employer did not impose upon him the status of fiduciary referred to in clause (4) of subdivision a of section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], cl. [4]). (7 Remington on Bankruptcy, § 3589, p. 851; 1 Collier on Bankruptcy [13th ed., 1923], § 17, pp. 636–639.) The record does not warrant the conclusion that the debtor willfully or maliciously, within the meaning of clause (2) of subdivision a of section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], cl. [2]), converted collections belonging to his employer. On the contrary, prior to the debtor's consent to the entry of a judgment for an amount less than that allegedly converted, the judgment creditor, in an affidavit submitted in connection with a summary judgment motion, asserted that it was under no obligation to prove any conversion but merely that it had acted in good faith in making its payments as surety. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

In the Matter of the Appointment of a Committee of the Estate of LYDIA MORE, an Alleged Incompetent Person. WILLIAM L. MORE, Appellant; HENRY A. CORNELL et al., Respondents.— Order appointing a committee of the person and property of the incompetent named therein, modified on the law and the facts by striking out the appointment of Henry A. Cornell as such committee and substituting in his place and stead Joseph J. Davidson, Esq., as committee. As so modified, the order is affirmed, without costs. The sole next of kin having named a proper person and given consent in writing to the appointment of that person, such nominee should be named as committee in the absence of a showing of disqualification by reason of adverse interests or the like. If a Special Term has misgivings in respect of the nominee's qualifications, it may conduct a hearing to satisfy itself as to the propriety of naming the nominee. (*Matter of Rothman*, 263 N. Y. 31; *Matter of Foster*, 230 App. Div. 730, affd. 254 N. Y. 614.) Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

In the Matter of FREDERICK W. NEHRING, Appellant, against ROBERT C. SAUNDERS et al., Constituting the Board of Review of the City of Yonkers, Respondents.— Order granting motion to dismiss appellant's petition for permission to file an application to correct a 1944 assessment for 1945 taxes, unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.