In the Matter of the Appointment of a Committee of the Person and Property of ALBRECHT KALTHOFF, an Alleged Incompetent Person. EDITH MILLER et al., Appellants; JOSEPH P. KELLY et al., Respondents.

Argued January 6, 1949; decided March 3, 1949.

*Morris Orenstein* for appellants. I. The appointment of two strangers, respondents Kelly and Fitzsimmons, as committee, was unauthorized and erroneous. (*Matter of Lamoree,* 32 Barb. 122; *Matter of Rothman,* 263 N. Y. 31; *Matter of Cooper,* 105 App. Div. 449; *Matter of Dietz,* 247 App. Div. 366; *Matter of More,* 268 App. Div. 1055; *Matter of Sariyan,* 183 Misc. 701.) II. The allowances were improperly granted and are excessive. (*Randall* v. *Packard,* 142 N. Y. 47.)

*Joseph V. McKee* and *Louis A. Russo* for Joseph P. Kelly and others, respondents. I. The appointment of respondents Kelly and Fitzsimmons as committee of the person and property of the incompetent was a proper exercise of the court's discretion. (*Matter of Rothman,* 263 N. Y. 31; *Matter of Foster,* 230 App. Div. 730, 254 N. Y. 614; *Matter of Owens,* 47 How. Prac. 150; *Matter of Pfleghar,* 271 App. Div. 880.) II. The allowance to Joseph V. McKee, attorney for the petitioner, was properly granted. (*Matter of Potts,* 213 App. Div. 59, 241 N. Y. 593.)

*Joseph J. Kozinn,* special guardian, respondent in person. I. In view of the dissension between the members of the incom-

petent's family, the court was authorized, in the exercise of its sound discretion, to select the present committee. (*Matter of Quinby,* 175 App. Div. 898.) II. The special guardian's allowance as well as the other allowances were made by the court based on full affidavits of services. (*Matter of Curley,* 161 Misc. 391; *Matter of Mackenzie,* 155 Misc. 822; *Matter of Potts,* 123 Misc. 346, 213 App. Div. 59, 241 N. Y. 593; *Matter of Bielby,* 91 Misc. 353; *Matter of Ludwig,* 112 Misc. 676; *Matter of Mildeberger,* 122 Misc. 743, 212 App. Div. 727, 241 N. Y. 528.)

*Alfred J. Callahan,* commissioner, respondent in person. The statute places the primary responsibility for the payment of the commissioner's compensation upon the petitioner personally. (Civ. Prac. Act, §§ 1369, 1373; *Matter of Hammond,* 125 App. Div. 865; *Musco* v. *United Sur. Co.,* 196 N. Y. 459.)

LOUGHRAN, Ch. J. This proceeding under article 81 of the Civil Practice Act was brought in May, 1948, for the appointment of a committee of the person and property of Albrecht Kalthoff. His then next of kin were four adult daughters. One of them made the petition herein and the others, waiving presentation thereof, consented that a committee be appointed. Special Term first appointed a special guardian for Mr. Kalthoff and also a commissioner who was directed to conduct an inquiry in respect of (1) the matters set forth in the petition, (2) the value of Mr. Kalthoff's property, and (3) the amount of his income.

A sheriff's jury procured by the commissioner found Mr. Kalthoff to be an incompetent person whose property consisted of $700,000 in cash and securities which yielded an annual income of $20,000. These findings were confirmed by the Special Term in an order whereby Joseph P. Kelly and Robert J. Fitzsimmons — strangers to Mr. Kalthoff and his family — were appointed as committee of his person and property. The Appellate Division affirmed on condition that Kelly and Fitzsimmons stipulate in writing to accept a single set of commissions as sole remuneration for their services and they did so stipulate without delay. Before the case was decided by the Appellate Division, one of Mr. Kalthoff's daughters died. His three other daughters are the appellants here.

The petitioner-appellant asked the Special Term to name as committee of her father a lawyer who was related to her. Her three sisters requested appointment of another lawyer who had represented their father for many years. Ultimately all four daughters agreed that both of these lawyers should be the committee, but at that stage of the controversy the order of Special Term had already been entered.

Ordinarily the unanimous wish of the family of an incompetent person should be followed in appointing a committee for him (*Matter of Rothman,* 263 N. Y. 31). There is not, however, and with us there never has been a positive rule of law to that effect nor any absolute subordination of strangers to relatives as candidates for the office of committee. Indeed the court in each case is to give primary consideration to the comfort and welfare of the incompetent person, without overlooking the possibility of his recovering from his incapacity. (See *Matter of Page,* 7 Daly 155; *Matter of Andrews,* 125 App. Div. 457, 465–466; *Matter of Shea,* 296 N. Y. 551.) Doubtless a flat rejection of a nominee of all the next of kin followed by appointment of an outsider of merely average ability could in some circumstances be so manifest an abuse of discretion as to be wrong in law. But no claim of error of that kind is made by the appellants here. Their main point is stated in these words: "Since the appellants had not consented to the appointment of one particular person and made two separate nominations, there should have been an order of reference, so that proper and thorough inquiry could have been had as to the qualifications of * * * the two persons respectively nominated by them."

This contention cannot be sustained by us. Whether a referee should be called upon to settle a family disunion of the sort that occurred in the present case is a matter of the practice of the court of original jurisdiction with which we have nothing to do, for no statute makes a reference necessary in such circumstances (see *Moore* v. *Shaw,* 77 N. Y. 512; *Bankers Trust Co.* v. *1 E. 88th St. Corp.,* 283 N. Y. 369, 373; *New York Post Corp.* v. *Kelley,* 296 N. Y. 178, 189).

Nor can we give effect to objections that are urged by the appellants against allowances awarded by the Appellate Division to the special guardian and to counsel for the petitioner-appellant. These objections, which are addressed merely to

the dimensions of the allotted sums, raise no question of law. (See *Matter of Wade*, 296 N. Y. 244, 248.) But the case is otherwise in respect of the allowance made to the commissioner who managed the inquisition that was held by the sheriff's jury. Since award of that allowance ignored rule 288 of the Rules of Civil Practice, it must be annulled and this proceeding must be remitted to Special Term for the making of an allowance to the commissioner in conformity with the rule.

The order of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed, with costs to all parties appearing separately and filing separate briefs, payable out of the estate.

LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Ordered accordingly.