■ In the Matter of the Appointment of a Committee of the Person and Property of JACK GOLDBERG, an Alleged Incompetent Person. SYLVIA CANTOR, Appellant; SIDNEY LEVITT, Intervenor-Appellant; SOLOMON Z. FERZIGER, as Special Guardian of the Incompetent, JACK GOLDBERG, et al., Respondents.— Appeal by the petitioner, as limited by her brief, from so much of an order

adjudicating the alleged incompetent to be an incompetent as (a) appoints respondent Ferziger as committee of the person and property of the incompetent, (b) awards former counsel for petitioner $2,500, (c) awards $1,500 to the special guardian, (d) awards $350 to a psychiatrist, and (e) awards $500 to counsel for the intervenor. The intervenor appeals from so much of said order as appoints respondent Ferziger as committee and as awards $2,500 to the former counsel. Order modified on the law and the facts (a) by reducing the allowance to former counsel for petitioner to $1,500, (b) by reducing the allowance to the special guardian to $750, (c) by reducing the allowance to the psychiatrist to $100, and (d) by striking out the allowance to counsel for the intervenor. As so modified, order insofar as appealed from affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. We disapprove of the allowance to counsel for the intervenor out of the incompetent's estate for the reason that the intervenor had no interest in the subject matter, and the services of his counsel appear to have been rendered for his individual benefit rather than for the benefit of the estate. In our opinion the services rendered by the former counsel for the petitioner, by the special guardian, and by the psychiatrist do not justify the allowances granted. Beldock, Murphy and Kleinfeld, JJ., concur. Wenzel, Acting P. J., and Ughetta, J., concur in the reductions of the allowances to the special guardian, the psychiatrist, and both counsel, but dissent as to affirmance of the order insofar as it appointed respondent Ferziger as committee, and vote to further modify the order so as to appoint petitioner, Sylvia Cantor, as committee, with the following memorandum: The only heirs at law and next of kin of the incompetent are his daughter, Sylvia Cantor, and his wife, both of whom joined in requesting that the daughter be appointed. The record discloses no adverse interest on the part of the daughter and indicates that she is capable and experienced in the management of the incompetent's affairs. Apparently the reason which motivated the learned Special Term in appointing a third person of its own selection was that a nephew intervened in the proceeding and asked that he be designated, which the Special Term regarded as constituting dissension in the family. The rule in such a situation was enunciated many years ago in *Matter of Lamoree* (32 Barb. 122, 124): "The real complaint of the moving party is the making of this appointment, and I am constrained to say that the complaint is just; for the appointment of a stranger to execute a trust so delicate and of such responsibility without the request of the relatives and next of kin of the lunatic, without an order of reference, and without notice to the persons having a prospective interest in the estate, is not authorized by the practice of the courts having jurisdiction over such matters. If the next of kin unite in a petition and name a proper person as committee, or give their consent in writing to the appointment of a particular person, it is usual to select such person. But if the next of kin have not consented, or united in the petition, there should be an order of reference, and then the next of kin are entitled to notice of the proceedings upon the reference, and to propose themselves as the committee." This salutary rule has since been followed consistently by the courts of this State, in situations where no adverse interest or other sound reason for disregarding the wishes of the next of kin and spouse was shown. (See, e.g., *Matter of Rothman,* 263 N. Y. 31; *Matter of Kalthoff,* 298 N. Y. 458.) Under the facts disclosed by this record we think the appointment of a stranger was contrary to the established law of this State.