Samuel H. Hofstadter, J.
Albert Danzig, 82 years of age, has been found to be incompetent. There are no relatives except a brother and two nephews■ — -sons of the brother. They join in requesting the designation of one of the nephews as the committee of the person and property. Herman Haberman, a friend and confidant, and the incompetent’s business representative and counselor for more than 25 years, likewise requests appointment— agreeing to waive compensation. I have determined that it would be in the best interest of the incompetent to appoint a joint committee consisting of Bernard Danzig, the nephew, and Herman Haberman, the latter to serve without participating in the commission. (The size of the estate would not permit more than a single commission, in any event.)
Primarily, the court is concerned with the welfare of its ward. To be sure, financial resources must be taken account of; but basically this is to determine what maximum degree of comfort can be provided for him within the fiscal capacity of his estate. These considerations must be borne in mind in the appointment of a committee of the person and/or the property of the incompetent. Especially this is so in a case where the incompetent is of advanced age and there is no wife, children or descendants — or dependents.
The guiding principle — not without exception, however — is that a member of the family, if sufficiently interested, should be the committee or at least one of them, provided that no adverse interest appears. And whether the right to inherit or take by will is or is not such an adverse interest, need not be determined; it is not an absolute. It depends on the particular circumstances of each case. I do not reach it here.
But the thesis of petitioner’s submission that, regardless of other imponderables the operative rule constrains the court to appoint only a member of the incompetent’s family, must be rejected — it is ill-founded legally as well as morally. Rigidly and blindly adhered to, such a rule would be devoid of realism— and utility. Certainly, the ties of blood are important — but only if they bind in love and service.
One of man’s highest achievements is in the area of family. But like other human aspects, kinship is exalted and becomes meaningful only in the context of self-dedication. In a spacious view of its rightful function, kinship is not of blood alone — as Lessing reminds us; it can be achieved in mutual loyalty and *593 devotion, as in the case of Damon and Pythias — of Jonathan and David. Indeed, there is imputed to a Roman Emperor the dictum: “ It is not by blood anyhow, that man’s true continuity is established. Alexander’s real heir is Caesar and not the frail infant born of a Persian princess.” (Margaret Yourcenar, Hadrian’s Memoirs.)
The effective stewardship of a committee requires instructed and practiced compassionate interest, derived from an insight into the meaning of incompetency based on experience and disinterested judgment. The knowledge derived from such experience, while short of the expert psychiatric learning of the medical man, is, nevertheless, an essential for the comfort and happiness of the incompetent person — and may even form a part of the therapy indicated.
The law by rule, by statute and by decision has evolved a careful supervision of the financial administration of a committee and, indeed, as with all fiduciaries, demands the ‘ ‘ punctilio of an honor the most sensitive.” Annual inventories are required and periodic accountings. In contrast, there is little to guide the stewardship which a committee of the person must exercise. Few of the court decisions, or the medico-legal textbooks, discuss the conduct of a committee in this regard.
Yet while an adjudication of incompetency deprives the incompetent of certain legal and civil rights, it does not nullify his existence as a human being. And that existence must find expression by more than preservation of his estate — or even more solicitude.
Without specific application here, it may be said that it is not always to the best interest of the incompetent to appoint one related in blood and heirship as sole committee.
One reason may be that every committee of the property has a natural tendency to conserve the estate — and sometimes this can be to the detriment of the comfort of the incompetent. A conflict of interest thus arises. ' The conflict may be deepened when the committee is also next of kin. A family committee may be inclined to feel that, if an incompetent is likely to be in an institution for an indefinite period, a place should be chosen where .the upkeep is very modest — perhaps too modest. This usually puts the finances on a more important plane than his or her well-being.
The same result occurs when a very aged incompetent is living-in his home with attendants of his own, and the resultant expense requires invading the principal of the estate. The questions then occur how long can such invasion be permitted bearing in mind the expectation of continued life of the incompetent, and, *594 also, how will it affect the amount left in the estate? These questions may trouble a nonfamily committee conscientiously executing his trust; they may bedevil a family committee — for reasons and considerations obvious to us, of which, however, such a committee may be wholly unconscious.
But the welfare of the incompetent as the focal point may not be permitted to be obscured by zeal for fiscal efficiency — even when free of self-interest.
Again, the appointment of a relative as committee of the person may encompass certain inadequacies. The relative may be ill-equipped for the task both by reason of lack of experience and emotional involvement. The well-being of the incompetent may suffer through loss of perspective, ineptitude or misdirected sensibilities. And, paradoxically, family committees sometimes tend to be careless and spasmodic in visiting an incompetent ward and in attention with acts of thoughtful solicitude — not intentionally perhaps, but because other matters press upon them. Whereas, a stranger in blood as a matter of official duty at first, then as one of personal, free inclination, very faithfully and regularly attends to these matters of moment to the ward’s welfare.
Thus, though generally the cases do not favor the appointment of a stranger as committee, there is no ban on such a designation if special considerations warrant it, in the provident exercise of a wise discretion. In Rothman v. Waldman (263 N. Y. 31, 33) the court said: “ Such an appointment is not personal to the court, but rests in the exercise of a sound judicial discretion based upon the facts before the court.” The Court of Appeals affirmed Special Term appointment of stranger since it felt Special Term justified in deciding members of family had adverse interest. In another ease, the court said: ‘ ‘ Ordinarily the unanimous wish of the family * * # should be followed in appointing a committee for him * * * There is not, however, and with us never has been a positive rule of law to that effect nor any absolute subordination of strangers to relatives as candidate for the office of committee. Indeed the court in each case is to give primary consideration to the comfort and the welfare of the incompetent person * * * Doubtless, a flat rejection of a nominee of all the next of kin followed by appointment of an outsider of merely average ability could in some circumstances be so manifest an abuse of discretion as to be wrong in law. ’ ’ (Matter of Kalthoff, 298 N. Y. 458; see, also, Matter of Somarindyck, 158 N. Y. S. 2d 208.)
In all the circumstances here, a considered judgment would indicate the appointment of a member of the family and his *595 trusted friend and accountant familiar with Ms affairs. Accord.ingly, a joint committee thus constituted will be appointed as committee of the person and property of the incompetent. Such an appointment will, I believe, best serve the administration of his personal and financial affairs. Mr. Haberman, in accordance with Ms consent, is to serve without compensation or any commissions. Order signed.