■ In the Matter of the Appointment of a Committee of the Person and Property of MAUDE WEST, an Alleged Incompetent Person. STEPHEN W.

SMITH, Appellant; FIRST NATIONAL BANK OF GLENS FALLS, Respondent.— This is an appeal from that part of an order of confirmation made by the Warren County Court on January 26, 1960 and entered in the Warren County Clerk's office on January 29, 1960, which appointed the First National Bank of Glens Falls a stranger to the incompetent, Maude West, as sole committee of the person and property of the incompetent. The appellant Stephen W. Smith is a nephew of the incompetent and his mother Mary W. Smith, a sister of the incompetent. They constitute all the members of the family of the incompetent. On January 26, 1960 a hearing on the application for an order confirming the findings of a Commissioner's jury which had found Maude West to be an incompetent person, came on to be heard before the Warren County Judge. At the hearing appellant was examined in relation to his application for appointment as committee of the incompetent. His mother Mary Smith consented at the hearing to his appointment. One J. Philip Sullivan, a stranger, also sought to be appointed as committee, without the backing of any member of the family. He is not involved in this appeal. At the conclusion of a brief and seemingly unproductive hearing the court appointed the First National Bank of Glens Falls as sole committee. There were no findings of fact on which was predicated the bank's appointment, nor any reasons assigned therefor. Appellant contends on this appeal that the appointment of the bank, a stranger to the incompetent, was an abuse of discretion. Article 81 of the Civil Practice Act (§§ 1356–1384) deals with the proceedings for the appointment of a committee of an incompetent but there is no section which expressly accords a preference to blood relatives or their nominees. However, there is a long line of cases dealing with the problem and the guiding principles which have arisen are as follows: The court in making its order for the appointment of a committee is guided by the best interests of the incompetent. Consanguinity is considered a recommendation in the selection of a committee for an incompetent and will not be disregarded except upon valid grounds. Ordinarily the unanimous wish of the family of an incompetent person will be followed in appointing a committee for him. (*Matter of Kalthoff*, 298 N. Y. 458, 461; *Matter of Rothman*, 263 N. Y. 31, 33; *Matter of Foster*, 254 N. Y. 614; *Matter of More*, 268 App. Div. 1055; *Matter of Williams*, 252 App. Div. 314; *Matter of Lamoree*, 32 Barb. 122; 21 A. L. R. 2d 882; *Matter of Pfleghar*, 62 N. Y. S. 2d 899, affd. 271 App. Div. 880, motion for leave to appeal denied 296 N. Y. 1060; 17 Carmody-Wait, New York Practice, p. 489.) While the usual practice is to appoint a next of kin or other close blood relative or the nominee thereof, the court is not bound to do so. There is no positive rule of law compelling the court to appoint a next of kin nor any absolute subordination of strangers to relatives. The paramount consideration is the best interests and welfare of the incompetent so that the court may, in the exercise of discretion approve a stranger as the sole committee, where there is a valid objection to the close relative or his nominee. Appointment of a stranger is in the best interests of the incompetent where the record discloses dissension in the family, the adverse interests of the relatives and the incompetent, the lack of business ability of the relative or any other reason whereby a stranger would best serve the interest of the incompetent. (*Matter of Kalthoff, supra*; *Matter of Rothman, supra*; *Matter of Goldberg*, 6 A D 2d 873, affd. without opinion 5 N Y 2d 1036; *Matter of Pfleghar, supra*; *Matter of Oppenheim*, 247 App. Div. 808; 21 A. L. R. 2d 887.) The difficulty with this record is the absence of any findings of fact or assigned reasons by the court for appointing a stranger. We cannot, under the law, affirm the appointment of the bank solely because the bank having had previous experience as a fiduciary has better qualifications than the nominee of the next of kin, because this circumstance would exist in

90% of the cases. This would be a carte blanche to the appointment of a bank as committee in the discretion of the court, with the brushing aside of the wishes of the next of kin in almost any case. Perhaps there are good reasons which motivated the court in the appointment but those reasons were not made clear, by way of findings or otherwise. It may have been considered, for example, that the nephew's interest in the conservation of his aunt's estate outweighed, or at least conflicted with, his concern for her comfort (cf. *Matter of Danzig,* 23 Misc 2d 591, 593–594 [HOFSTADTER, J.]), if those conclusions were reasonably inferable from his response to the question propounded by his attorney as to "the reason why you feel you should manage your aunt's affairs"; or that his aunt's welfare was not the reason for his abrogating the power of attorney to the person whom his aunt had apparently selected, when, in his words, "I had my aunt sign one for me"; or because of the "feeling", however induced, which this witness recognized, "that either my aunt didn't want me around or I wasn't capable"; but if any of these considerations were predicates of the decision, they were not expressed. Remittal being necessary for the reasons indicated, the matter should proceed in the County Court without delay. It seems to us important that a special guardian be appointed to appear for, and advance the best interests of the incompetent in this proceeding, which will now relate solely to the determination of the issue as to the appointment of a committee. The committee named should meanwhile continue in office and take all steps necessary to assure the care and comfort of the incompetent and pay the expenses of her care and maintenance. Order modified, on the law and the facts, so as to provide that the appointment of the committee therein named continue pending a further hearing, at which any party may produce further evidence and be heard as to the appointment of a committee, and subject to revocation upon a determination adverse to said committee now acting; and, as so modified, affirmed, with costs to appellant to abide the event. Bergan, P. J., Coon, Herlihy and Reynolds, JJ., concur.