S. Samuel Di Falco, S.
Section 64 of the Surrogate’s Court Act provides that where “ an infant appears by his general guardian * * * the surrogate must inquire into the facts, and must * * * appoint a special guardian, if there is any ground to suppose that the interest of the general guardian * * * is adverse to that of the infant ”. (Emphasis added.) Adversity of interest implies no fault on the part of either of the adverse parties. Nor does it mean that any particular person cannot act fairly and objectively even though his legal and financial interests are adverse to one whom he represents. What it means is that, as matter of policy, the court is not permitted to decide whether one with adverse interests will fairly represent the infant. The inquiry stops when adversity of interest is disclosed. The court’s action thereafter is mandated.
The largest asset of this estate is an interest in a corporation, 30% of which is held by members of the decedent’s family, including the general guardian of the infant (who is the decedent’s brother). The next largest assets consist of interests in inter vivos trusts created by the decedent’s father. The general guardian is a trustee of these trusts. This estate has rights to some of the income of the trusts and also vested remainder interests. The trusts have large holdings in the corporation referred to above.
The general guardian quite correctly says that the trustees of the inter vivos trusts will some day account to the beneficiaries of those trusts and that this court cannot now go into those trust accountings. However, what is vital now is whether or not the accounting administratrix c. t. a. has collected all of the property now due this estate. The collection of income from the trusts is reported. It is the duty of the administratrix c. t. a. *743 to inquire into the operation of the trust, to ascertain whether this estate has received all that it is entitled to receive, and to take such steps as are necessary to enforce the rights of this estate, even to the extent of instituting actions in other courts. She must also take whatever steps might be necessary to assure full realization of the estate’s rights and interests in the corporation. The general guardian, as trustee of the inter vivos trust, is one of those from whom the administratrix must make inquiry and against whom she must take action in the event that the inquiry does not satisfy her. The guardian in this proceeding is under a duty to make an independent inquiry, and in the event that he finds any negligence on the part of the administratrix, he must seek to hold her liable for any damage resulting from her neglect. If the matter at issue should be whether or not the administratrix should have proceeded against the trustees of the inter vivos trusts, it would be tantamount to the general guardian suing himself.
There are questions, moreover, with respect to the distribution of the stock of the corporation and of remainder interest in the trusts. The general guardian has interests in the corporation and in the trusts which may not be adversary interests to the infant in any litigation, but which are of such a nature that they might affect judgment on the questions of distribution.
The court, therefore, concludes that under the mandate of section 64, a special guardian must be appointed to represent the infant.