Alton J. Wightman, J.
This matter was brought on by an order to show cause, dated January 12, 1973, and returnable at Special Term, Supreme Court, State of New York, held in and for the County of Monroe, on the 31st day of January, 1973. The petitioner, a banking corporation organized under and by virtue of the State of New York, has made application as a petitioner requesting that a hearing be held to determine whether or not it should be appointed the conservator of the property of Ernest Schnelle, presently a patient at the Monroe Community Hospital, pursuant to the provisions of article 77 of the Mental Hygiene Law of the State of New York, which became effective January 1,1973. There appears ample evidence in the affidavits annexed to the said order to show cause that such a hearing should be held and that the petitioner be appointed the conseryator. To all this the duly appointed guardian ad litem agrees. The statute, however, presents one ambiguity which this court is called upon to clarify. Such statute, to wit: Subdivision (a) of section 77.03 of the Mental Hygiene Law, states as follows: ‘ ‘ The proposed conservatee, or any relative or friend, or the officer in charge of a hospital or school in which the proposed conservatee is a patient may commence a special proceeding for the appointment of a conservator of the property of the proposed conservatee. ” (Emphasis added.)
There seems no question that a banking corporation may act as a conservator since such corporations are presently empowered by statute to act in every other single fiduciary capacity existing by law in this State. “ Every trust company shall *227 have, subject to the restrictions and limitations contained in this chapter, the following powers: * * * 3. To be appointed and to act under the order or appointment of any court of competent jurisdictions (a) As guardian, receiver, trustee or committee of the estate of any minor, lunatic, idiot, person of unsound mind, or habitual drunkard, or in any other fiduciary capacity.” (Banking Law, § 100).
Moreover, the Legislature made clear its intent to provide property management for those persons who fall short of qualifying for committeeships because they may not be said to be legally insane, but who are unable to manage their own affairs because of other debilitating factors. (McKinney’s 1972 Session Laws of Now York, p. 3290, memorandum in regard to article 77 of the Mental Hygiene Law, Conservators.)
And, of course, subdivision (a) of section 77.03 specifies who may petition for the appointment of a conservator, but not who may act as one.
The question, therefore, is may a trust company petition for such appointment for itself or someone else as conservator within the scope of the word 11 friend ” as it is used in the statute?
It is submitted that the situation before this court presents facts which amply illustrate why in particular situations a bank executor should be denominated a friend for the purpose of petitioning for the appointment of itself as a conservator.
It appears that Mr. Schnelle is of German birth, having emigrated to this country before the First World War. According to the affidavit of Robert L. Beck, who avers that he has been Mr. Schnelle’s attorney for upwards of 15 years, Mr. Schnelle never married, has no children, and has no distributees residing in the United States. It also appears that Mr. Schnelle has at least three distributees, being nieces, two of whom reside in West Germany, and one of whom apparently resides in East Germany, and it is stated by Mr. Schnelle’s attorney that he has prepared a will for him which was duly executed and in which he has named the petitioner bank as his executor. The attorney has stated that he has no knowledge of any other or later last will and testament.
It further appears from the affidavit of Mr. Schnelle’s attending physician, that Mr. Schnelle is 85 years of age and is suffering from chronic brain syndrome, no doubt reflecting generalized cerebral arteriosclerosis, but that his general physical condition is excellent for a man of his age and that he believes Mr. Schnelle is incapable of handling his own affairs, but could *228 conceivably live for several years since his general health is remarkably good. Additionally, it appears from the accompanying affidavit of an officer of the petitioner bank that it presently holds for safekeeping, and pursuant to a further appropriate order of this court, stocks and savings account books of the approximate value of $149,000. Since the administrators of Monroe Community Hospital had no way of knowing the extent of Mr. Schnelle’s assets until the time of the service of the motion papers herein upon the director, as a practical matter therefore, no action would have been taken had it not been for the initiative of the petitioner. Besides the hospital authorities, in Mr. Schnelle’s case, only two others existed in the United States who were in a position to take the appropriate steps to. protect his affairs — the bank and his attorney.
For the attorney to have petitioned in his own name might raise serious questions of professional ethics, if not indeed to be violative of the statutory sanctions against champerty and maintenance. It is expected, of course, that an application for fees for legal services rendered would accompany any proceeding brought under article 77.
A banking institution would at first blush hardly seem to fall within the ordinary definition of the word “ friend ”. A denominated executor, on the other hand, most certainly would. Put another way, it is hard to imagine the average testator appointing an ‘ ‘ enemy ’ ’ his executor. In this situation Mr. Schnelle has already indicated by the execution of his will that it is his desire that the petitioner manage his affairs after his death. And, not only has he made his wishes known to the bank, but has turned his will over to it for safekeeping.
■Since, again, as a practical matter in this particular situation, no one else exists who could initiate the proceedings, and since, the bank is empowered to act as a conservator, this court finds that its status as a proposed executor makes the bank that kind of ‘ ‘ friend ’ ’ sufficient to enable it to bring the petition herein within the meaning of article 77 of the Mental Hygiéne Law of the State of New York.
The court further finds that an application by the petitioner to Part I of 'the Supreme Court sitting in and for the County of Monroe for a hearing without a jury pursuant to the provisions of statute should be made as soon hereafter as possible.