J. Robert Lynch, J.
The Merchants Bank and Donald P. Gorman, Jr. have each asked, by motion and cross motion, to be appointed conservator of the property of Donald P. Gorman (Mental Hygiene Law, art. 77). (As to the propriety of the bank’s petition and its qualification to be a conservator, see Matter of Schnelle, 74 Misc 2d 226.) Attorney John H. Farnham has been appointed guardian ad litem for Donald P. Gorman for this proceeding (Mental Hygiene Law, § 77.09). *565 All of the parties agree that the proposed conservatee suffers such mental weakness that a conservator is required.
■The court has the discretion to appoint a nominated conservator only if the appointment will' serve the best interests of the proposed conservatee (Mental Hygiene Law, § 77.03, subd. [c]). That discretion has one limitation; the court must deny appointment to a nominated conservator who has an interest adverse to that of the proposed conservatee (Matter of Burling, 41 Misc 2d 742; see, also, Matter of Rothman, 263. N. Y. 31). This judgment can allow no weight to any amount of filial devotion.
The undisputed facts here constitute a conflict of interests of the nominated conservator Gorman, Jr. and the proposed conservatee. The nominated conservator Gorman, Jr. is the sole distributee of his father, the proposed conservatee. The wife of the proposed conservatee predeceased him survived by a daughter of a prior marriage, Marabelle Kasberger. The known assets of the proposed conservatee are: Social Security, a pension of approximately $1,300 a month and a $10,000 lump sum legacy from his wife’s estate. In addition he is the beneficiary of a trust of his wife’s estate of which the Merchants Bank is the trustee, which will pay him the income of the trust with principal payments at the trustee’s discretion. On the death of the proposed conservatee, the corpus of this trust is to be divided into two equal parts: one to be distributed to the children of the nominated conservator Gorman, Jr.; the other to be held in trust for Marabelle Kasberger and on her death to go to her children.
Gorman, Jr., as conservator would find himself in an untenable position. Incotne available to him for his father’s benefit would in the final analysis come from two sources, his father’s estate and his stepmother’s estate. Expenditure from the one would deplete his expectancy, from the other would deplete the inheritance of his children. Ho court has the right to put any son in such a position, no matter how strongly he may feel it to be the prerogative of a devoted child.
This state of conflict has been recognized by the trustee, the guardian ad litem, the remainderman Marabelle Kasberger and the executrix of the deceased wife’s estate. Hone of them has consented to the appointment, but even if they did, the court would still have to deny it (Matter of Rothman, 263 N. Y. 31, supra).
The Merchants Bank should be appointed conservator.
*566 Since this matter has been resolved on the undisputed facts, we do not reach resolution of those other issues which are in dispute.
Submit a single order denying the petition of G-orman, Jr. and granting the petition of the .Merchants Bank, leaving a blank space therein for the court to award a fee for the guardian ad litem who is directed to submit an affidavit of1 services.