■ In the Matter of the Appointment of a Conservator of the Property of DAVID F. BAILEY. MARGARET M. BERTIE et al., Respondents; MARIAN G. BAILEY, Appellant.— Appeal from a judgment of the County Court of Tompkins County at Special Term, entered March 20, 1974, which granted petitioners' application to appoint a conservator for the property of David F. Bailey. The petitioners, who are the daughters of David F. Bailey by his deceased first wife, instituted this proceeding under article 77 of the Mental Hygiene Law to have the First National Bank and Trust Company of Ithaca appointed conservator of their father's property. A guardian ad litem appointed to protect the father's interests in this action, but who apparently never saw or consulted with Mr. Bailey, agreed that the petition should be granted, but Mr. Bailey's second wife, Marian G. Bailey, to whom he has been married for 33 years, opposed the appointment. In its decision and subsequent judgment, the trial court ordered the appointment of the bank as conservator and further directed that moneys withdrawn by Mrs. Bailey from a bank account in her husband's name in trust for one of his daughters and deposited in her own name be redeposited in the original account and that the fee of the guardian ad litem and the fees and disbursements of petitioners' attorneys be paid from the funds of the conservatee. On this appeal, Mrs. Bailey chal-

lenges, *inter alia*, the validity of article 77 of the Mental Hygiene Law on constitutional grounds and the sufficiency of the evidence upon which the trial court based the appointment. The relevant statute herein (Mental Hygiene Law, art. 77) provides for the appointment by the court of a conservator for the property of a New York resident who for various specified reasons has suffered "substantial impairment of his ability to care for his property or has become unable to provide for himself or others dependent upon him for support" (Mental Hygiene Law, § 77.01). Most significantly, however, this same section of the statute also limits the court's power of appointment to those instances where it is "satisfied by clear and convincing proof of the need thereof." Our examination of the record in this case leads us to conclude that this statutorily-imposed standard of proof has not been met. Admittedly, the proposed conservatee is 88 years old and confined to a hospital, and he is likely to be in need of continued confinement in an extended care facility for some time. Furthermore, there is undoubtedly friction between the petitioners and respondent over the elderly man's property matters. We cannot agree, however, that such proof as this clearly and convincingly demonstrates a substantial impairment in Mr. Bailey's ability to manage his affairs. Accordingly, we find that the serious invasion of his fundamental right to use and enjoy his property as he sees fit by the appointment of the conservator is unjustified, and the judgment of the trial court must be reversed. Our resolution of this matter makes unnecessary consideration of the constitutional questions raised which, in any event, should be avoided "except in cases of clear necessity" (*People* v. *Carcel,* 3 N Y 2d 327; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 150, subd. a). Judgment reversed, on the law and the facts, and petition dismissed, with costs to appellant. Sweeney, Kane, Main and Reynolds, JJ., concur; Staley, Jr., J. P., dissents and votes to affirm in the following memorandum. Staley, Jr., J. P. (dissenting). I disagree with the conclusion of the majority that the standard of proof required by section 77.01 of the Mental Hygiene Law has not been met in this proceeding. On December 15, 1973, David F. Bailey entered Tompkins County Hospital as a patient. At the time this proceeding was commenced an January 23, 1974, he was 88 years of age and in the need of continued confinement in an extended care unit in the hospital. Friction has developed between respondents, the daughters of David F. Bailey by his first wife and appellant, his second and present wife relating mainly to moneys held on deposit in savings banks and the care required for his well being. On June 6, 1955, Bailey created savings bank trust accounts for each of his daughters. On January 22, 1974, the balance in the account in a trust for Evelyn K. Powers was $15,631.62, and the balance in trust for Margaret M. Bertie was $16,172.48. After Bailey was confined to the hospital, appellant had him sign a document which was witnessed by a nurse and later accepted by the savings bank which permitted appellant to withdraw money from the said trust accounts which money was then deposited in appellant's individual account. Appellant admits in her answer that she asked her husband's attending physician if he was competent to execute a power of attorney, and the physician stated that he "does not believe that he can answer this with a 'yes or no' answer with confidence as yet." She also admits in her answer that she was seeking to "be able to manage the affairs" of her husband. Based on these admissions, the report of the guardian ad litem, which recommended the appointment of a conservator, and all the pleadings and affidavits submitted, it is my opinion that the court had sufficient reasons to find that David F. Bailey's ability to manage his property had been substantially impaired, and that it was in his best interest to have a conservator

appointed. "The court has the discretion to appoint a nominated conservator only if the appointment will serve the best interest of the proposed conservatee (Mental Hygiene Law, § 77.03, subd. [c]). That discretion has one limitation; the court must deny appointment to a nominated conservator who has an interest adverse to that of the proposed conservatee (*Matter of Burling*, 41 Misc 2d 742; see, also, *Matter of Rothman*, 263 N. Y. 31). This judgment can allow no weight to any amount of filial devotion." (*Matter of Gorman*, 77 Misc 2d 564, 565.) The undisputed facts here demonstrate a conflict of interests between appellant and respondents, and the appointment of the First National Bank and Trust Company of Ithaca as conservator for David F. Bailey should be affirmed. (*Matter of Schnelle*, 74 Misc 2d 226.)