Nathan R. Sobel, S.
Mr. ¡Cantor died intestate on November 6, 1963 leaving an estate of $32,000. His sole distributee is a brother Max. On March SO, 1974 the Nassau County Supreme Court after a hearing adjudicated Max to be a person unable to care for bis property (Mental Hygiene L^w, § 77.01) and appointed an attorney at law as his conservator (Mental Hygiene Law, § 77.19).
Article 77 of the Mental Hygiene Law enacted in 1972 i(L. 1972, ch. .251) has many beneficent purposes. The most important is to provide property management for those persons who fall short of qualifying for committeeships because they may not be said to be legally insane, but .who are .unable to manage their own affairs because of other debilitating factors (Matter of Schnelle, 74 Misc 2d 226). Another is to overcome the reluctance of relatives or other interested persons to apply for the appointment of a committee upon a judicial finding of incompetence. The appointment of a conservator to manage a person’s property carries with it no stigma. In most cases, as here, it is purposed to establish a fiduciary to care for the property of a person who by reason of advancing age cannot perform this function himself.
George B. McPhillips, the conservator of the property of Max Cantor, has applied for letters of administration of the estate of Mr. Cantor, the conservatee’s brother.
¡SCPA 1001 (sulbd. 2) makes eligible to receive letters of administration, if the sole distributee is “an infant or incompetent,” his fiduciary or committee. It makes no specific provision for the appointment as administrator of the conservator of a person ¡who is unable to care for his property. However, section 77.19 of the Mental Hygiene Law clearly expresses the legislative purpose that a conservator shall have all of the powers and duties granted to or imposed upon a committee, and in several other respects is modeled on the committeeship statute (e.g. Mental Hygiene Law, § ¡77.13). Additionally, section 78.02 of the Mental Hygiene Law expresses preference for conservators by stating that prior to the appointment of a committee the court .shall have the duty to consider whether the interests sought to be protected could best be served by the appointment of a conservator. Both sections are purposed to preserve and manage the property of a person who cannot adequately do so ¡himself. ¡SOBA .1001 .(subd. ¡2) permits the appointment as administrator of the committee of the property of an incompetent sole distributee. That section is construed to include the *557 conservator of a person ¡unable to care for bis property or unable to provide for himself (cf. Matter of Resnick, 76 Misc 2d 541).
Letters shall issue to petitioner upon qualifying according to law. Bond of $32,000 shall ¡be required.