Wilmer J. Patlow, J.
Petitioners seek the appointment of a conservator for one Edna V. Powers, pursuant to article 77 of the Mental Hygiene Law.
*1045 The petitioners are friends of the proposed conservatee who is a resident of a local nursing home and is physically unable to appear. The petition nominates a local banking institution to act as the proposed conservator.
In accordance with section 77.07 of the Mental Hygiene Law, notice of the petition was served upon one Regina Bonanno, age 17, the granddaughter and sole distributee of Edna V. Powers. Because of Miss Bonanno’s age, her father was also served. Both Miss Bonanno and her father are out-of-State residents.
On behalf of his daughter, Mr. Bonanno has intervened in this proceeding and has cross-moved this court for appointment of attorney Luther I. Webster to act as conservator.
Mr. Webster has been the attorney, as well as a personal friend of Edna V. Powers, for a period of approximately 25 years, and is thoroughly familiar with her affairs. In addition, Mr. Webster was given a general power of attorney by Mrs. Powers recorded in the Monroe County Clerk’s office on May 1, 1974. Mr. Webster also represents Mr. Bonanno for purposes of this proceeding.
There is no dispute among the parties as to the necessity for appointment of a conservator. Nor is there any dispute that Mr. Webster is qualified to act in that capacity.
However, relying on the case of Matter of Gorman (77 Misc 2d 564), petitioners contend that Mr. Webster’s role herein, as attorney for the father of the sole distributee, creates a conflict of interest which bars him from acting as conservator.
The Gorman decision in essence denies the appointment of a sole distributee son as conservator because expenditures from his father’s estate would deplete his own expectancy, and thus the son, acting as conservator, would be placed in an untenable position.
This court finds nothing in the Gorman decision which could or would extend this denial to the attorney for the sole distributee. But even if one were to interpret the Gorman decision as barring an attorney who represents a sole distributee from acting as a conservator, such a bar would not be applicable here because Mr. Webster’s true client is the proposed conservatee and not the out-of-State sole distributee whom he represents for the limited purposes of this proceeding.
The court having found no bar to Mr. Webster acting as *1046 conservator will grant the request that he be so named. In addition, the court will, pursuant to section 77.09 of the Mental Hygiene Law, appoint Bernard Schuster, Esq. as guardian ad litem.