■ In the Matter of the Appointment of a Conservator of the Property of Rebecca Berman, Proposed Conservatee. Bettyann Losch, Respondent; Paul Berman et al., Appellants.—Judgment, Supreme Court, New York County, entered June 21, 1977, unanimously reversed, on the law, and the matter remanded for further proceedings, as hereinafter set forth, without costs and without disbursements. We find that, in this proceeding to appoint a conservator (Mental Hygiene Law, art 77), there was insufficient compliance with the protective statutory scheme. *Inter alia,* there was not "clear and convincing proof of the need therefor," (§ 77.01), and that the proposed conservatee had "suffered substantial impairment". Also, the decision as to the inability of the proposed conservatee to attend the hearing should not have been made by counsel but by the court (§ 77.07, subd [b]). It did not supply this lack to have the court put its *pro forma* imprimatur on counsel's decision. Further, Special Term's conclusion was apparently based largely on the report of the guardian ad litem, who had but a single interview with the subject. Designation of a conservator is a serious invasion of a fundamental right to use and enjoy property as one sees fit, and strict compliance with statute is called for. *(Matter of Bailey,* 46 AD2d 945, 946.) There should be a new hearing in the manner we have indicated, and we remand for that purpose. Concur—Murphy, P. J., Silverman, Evans, Fein and Markewich, JJ.