■ In the Matter of JOHN DUFFY, as Conservator of MOLLY DUFFY, Respondent, v IRENE STABLEWSKI, Appellant.—Judgment unanimously reversed, with costs to appellant Stablewski, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: After a hearing at Special Term, John Duffy was appointed conservator of the property of his wife, Molly Duffy, by an order dated October 28, 1977. His petition alleged that his wife was unable to manage her property because of her illness and that she had conveyed certain personal property during her disability. The affidavit of Molly Duffy's physician stated his belief that she was incapable of handling her own affairs and the report of the guardian ad litem did not indicate that he had ever attempted to speak with Molly Duffy, the proposed conservatee. Five days after the appointment of a conservator, Molly Duffy died and John Duffy commenced a proceeding to settle the accounts pursuant to subdivision (b) of section 77.31 of the Mental Hygiene Law. No representative of Molly Duffy's estate has been appointed and her estate has not been made a party to this accounting proceeding. Decedent's sister, Irene Stablewski, appeared in opposition and requested a hearing on the propriety of the original appointment of John Duffy as his wife's conservator. Special Term denied the requested hearing, settled the accounts and discharged him as conservator. In settling Duffy's accounts as conservator, Special Term ordered that a constructive trust be placed upon certain United States savings bonds with a maturity value of $3,925 (cash value of approximately $3,025) in the possession of the conservator which were in the name of Molly Duffy payable on death to Irene Stablewski; ordered the payment of the balance of the decedent's passbook account in the amount of $150.27 to John Duffy; and ordered the sale of the savings bonds and payment of administration expenses out of the proceeds as follows: funeral expense reimbursement, $1,725; doctor and hospital fees, $671.70; guardian ad litem fee, $300; attorneys' disbursements of $55; and the balance as attorneys' fees, amounting to approximately $1,200. Irene Stablewski has appealed from the order settling the accounts of the conservator, alleging, inter alia, that the original appointment of John Duffy as conservator was improper. We find that the original appointment of John Duffy as conservator was improper because "clear and convincing proof of the need therefor" was not presented at Special Term as required by section 77.01 of the Mental Hygiene Law (Matter of Berman [Losch], 61 AD2d 902; Matter of Bailey, 46 AD2d 945). Further, although a State court is not absolutely prohibited from interfering in the property rights in the designated beneficiary of a United States savings bond where fraud is involved (Yiatchos v Yiatchos, 376 US 306), absent a hearing the record in this case presents no evidentiary basis for the imposition of a constructive trust. We further find that the court lacked jurisdiction of Molly Duffy's estate, which is a necessary party, and we find no proof present in the record to justify the amounts awarded as attorneys' fees and as a guardian ad litem fee, and we consider such awards grossly excessive in view of the small size of the decedent's estate. (Appeal from judgment of Erie Supreme Court—settle conservator's account.) Present— Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.