OPINION OF THE COURT
Joseph S. Calabretta, J.
Pursuant to the order of the Honorable Ann B. Dufficy, dated April 18, 1980, this court conducted a hearing to determine: (1) "whether or not the conservator herein should be removed because of a conflict of interest” and (2) "whether or not a right of Election should be filed in the estate of Ruchla Borsten, the conservatee’s deceased wife.”
At that hearing, the testimony of the conservator established the following pertinent facts:
(a) That Ruchla Borsten, wife of the conservatee herein, died testate on September 1, 1979.
(b) The last will and testament of Ruchla Borsten, dated *575 January 6, 1975, named her husband, Carl M. Borsten, the conservatee herein, as executor.
(c) The said Carl M. Borsten retained Harry J. Silber, esq., as his attorney to probate the will.
(d) During the pendency of that proceeding, the said Carl M. Borsten became incapacitated, and said attorney thereafter filed for his own appointment as administrator c. t. a. of the estate of Ruchla Borsten.
(e) Said appointment was granted on April 15, 1980.
(f) Prior to that appointment, on January 21, 1980 the said Harry J. Silber, esq., received his appointment in this court as conservator.
As the legal representative of the husband, the conservator must act in place and stead of the conservatee to best protect his interests. In this regard, a conservator is bound to pursue all possible sources of revenue to which conservatee may be entitled. As a surviving spouse, conservatee has certain rights under our statutory law; at bar, the right of election under EPTL 5-1.1 appears as a possible avenue. The conservator, however, has produced a copy of a written agreement alleged to have been entered into between the conservatee and his deceased wife wherein they each waived this statutory right. The conservator argues that in his opinion this document, dated August 30, 1976, which he drew and witnessed, is a valid agreement. The guardian ad litem does not take a position as to its validity, but contends that such issue should be decided before this court can rule on the conflict of interest.
The court cannot agree with this argument. In order for the Surrogate to rule on the validity of the waiver, the conservator would have to file and serve notice upon the administrator. However, he, himself, is the administrator and, therefore, would be representing all parties in this proceeding, clearly a conflict of interest.
As to the conservator’s position that no notice should be filed, since he personally believes in the validity of the August 30 agreement, it is this court’s opinion that the issue is a question of law which can only be decided by a court of competent jurisdiction.
The conservator’s obligation is to bring the issue to the proper forum and not to determine it based on his own legal reasoning.
Accordingly, this court finds that a notice exercising the *576 right of election should be filqd in the estate of the conservatee’s wife, and that the filing of such notice would place the conservator in a direct conflict of interest with his role as administrator c. t. a. of the estate. Therefore, the attorney, Harry J. Silber, may not continue in both roles. He is directed to remove himself from one such representation, such removal to be effective within 20 days after service of a copy of the order to be entered herein.
The legal fee for the guardian ad litem shall be fixed by the court in the order to be presented for signature.