■ In the Matter of DOROTHY M. SCURLOCK, an Alleged Incompetent Person. CLARENCE E. SLAUGHTER et al., Appellants; THOMAS A. LIFLAND, as Committee for the Person and Property of DOROTHY M. SCURLOCK, Respondent. — In a proceeding pursuant to article 78 of the Mental Hygiene Law, seeking an adjudication of competency and the appointment of a committee or conservator, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Nassau County (Meade, J.), dated June 30, 1982, as appointed Thomas A. Lifland, Esq., committee of the person and property of the incompetent. Order affirmed insofar as appealed from, without costs or disbursements. Appointment of a committee of the person and property of an incompetent rests in the sound discretion of the court (*Matter of Rothman,* 263 NY 31, 33). Considering all the testimony adduced at the hearing, it cannot be said that Special Term abused its discretion in appointing a person other than a family member as the committee despite the posttrial claim that the disputing family members had reconciled. Under the circumstances, the appointment served the best interests of the incompetent. Lazer, J. P., Gibbons, Thompson and Bracken, JJ., concur.

■ In the Matter of LAUREANO SUAREZ, Appellant, v YOLANDA SUAREZ, Respondent. — In a proceeding pursuant to article 6 of the Family Court Act, petitioner appeals from an order of the Family Court, Queens County (Corrado, J.), dated February 3, 1982, which granted respondent's motion to vacate prior orders of custody and arrest. Order reversed, on the law, without costs or disbursements, motion denied and orders dated September 6, 1979 and December 5, 1980, reinstated. The Family Court erred in vacating the prior orders of that court based upon lack of jurisdiction. A jurisdictional predicate did exist in New York since petitioner lived in this State at the time, New York was the children's home State within six months of the commencement of the custody proceeding, and the children were absent from the State because of their removal by the respondent (Domestic Relations Law, § 75-d, subd 1, par [a], cl [ii]; § 75-w; see *Vanneck v Vanneck,* 49 NY2d 602). Furthermore, service of process was properly effected in accordance with CPLR 308 (subd 5) (Family Ct Act, § 165; see *Dobkin v Chapman,* 21 NY2d 490). Damiani, J. P., Weinstein, Gulotta and O'Connor, JJ., concur.