■ In the Matter of HERBERT L. WEISMAN, for the Appointment of a Conservator of the Property of DOROTHY L. DAVIS.

JAMES D. HARRINGTON, Appellant; JAMES A. DOUVRES, Guardian ad Litem, et al., Respondents.—Judgment, Supreme Court, Bronx County (Irwin Silbowitz, J.), entered November 21, 1984, which, *inter alia,* appointed William Chance, Jr., on the designation of Kenneth Shorter, J., as conservator of the property of Dorothy L. Davis, conservatee, unanimously modified, on the law, on the facts and in the exercise of discretion, to vacate that appointment and to appoint appellant James D. Harrington, the designee of the conservatee's next of kin, as conservator of the property of the said Dorothy L. Davis and otherwise affirmed, without costs or disbursements.

On review of the record, we agree that, under Mental Hygiene Law article 77, it was necessary to appoint a conservator of the property of Dorothy L. Davis, who, it appears, is presently incapable of managing her property and financial affairs. The conservatee is 79 years of age and resides at the Wayne Health Facility, suffering from organic brain syndrome. The medical proof adduced at the hearing confirmed the inability of the conservatee to testify and her incapacity in terms of managing her property and fiscal affairs.

However, it was an improvident exercise of discretion for Special Term to appoint a stranger, in lieu of the designee proposed by the next of kin of the conservatee. The application was supported by an affidavit of James B. Harrington and Benjamin D. Harrington, the conservatee's only next of kin, renouncing their right to serve as conservator and requesting that Benjamin's son, James D. Harrington, be appointed. Appellant is a grandnephew of the conservatee, a practicing attorney in Maine and had agreed to serve without commission or compensation other than repayment of reasonable disbursements. The Law Guardian had no objection the the appointment.

It has been repeatedly recognized in this State that "strangers will not be appointed as committee of the person or property of the incompetent, unless it is impossible to find within the family circle, or their nominees, one who is qualified to serve." (*Matter of Dietz,* 247 App Div 366, 367; *Matter of Buckley,* 259 App Div 998; *Matter of Colby,* 24 AD2d 851; *Matter of West,* 13 AD2d 599.) In making such an appointment, the operative standard is the best interests and welfare of the incompetent. While the usual practice is to appoint the next of kin, close blood relative or their nominee, the court is authorized to depart from that principle where there is a valid objection. Thus, deviation from the standard procedure is authorized where (1) relatives of the incompetent's family

have an interest adverse to the interest of the conservatee (*Matter of Rothman,* 263 NY 31; *compare, Matter of Powers,* 84 Misc 2d 1044); (2) there is dissension in the family (*Matter of Lyon,* 41 NY2d 1056, *affg* 52 AD2d 847; *Matter of West, supra*); (3) there is "any other reason whereby a stranger would best serve the interest of the incompetent." (*Matter of West, supra,* p 600.) The same rule applies to the appointment of a conservator under Mental Hygiene Law article 77 (*see, Matter of Lyon, supra; Matter of Starrett,* 53 AD2d 846).

Taking cognizance of the prevailing rule requiring that the wishes of the family not be disregarded, the Court of Appeals in *Matter of Rothman* (*supra,* p 33), observed: "Such an appointment is not personal to the court, but rests in the exercise of a sound judicial discretion based upon the facts before the court. A disregard of such principles and the arbitrary appointment of one selected by the court without notice can only lead to criticism of the court and resentment on the part of the next of kin and parties in interest."

As applied here, there was no objection to the appointment of appellant as conservator nor does the record disclose that a conflict of interest exists. As stated, petitioner, age 34, is a practicing attorney in Maine, who has waived all fees and the fact that he lives in another State does not operate to bar his appointment. He was of the opinion that his residence without the State would not interfere with his management of the property and assets of the conservatee, consisting of bank accounts, stock and income from Social Security, which are to remain here.

Under the circumstances, the appointment of a stranger was an improvident exercise of discretion. Special Term had no basis for disregarding the wishes of the family in appointment of a conservator and, therefore, we modify the judgment accordingly to the extent provided. Concur—Kupferman, J. P., Ross, Fein, Kassal and Rosenberger, JJ.