■ In the Matter of CARL J. FRANZETTI, Respondent, v JENNIE KEHRSBERGER et al., Appellants.—In a proceeding pursuant to Mental Hygiene Law article 77 for the appoint-

ment of a conservator, the appeal is from so much of a judgment of the Supreme Court, Westchester County (Cerrato, J.), dated March 24, 1986, as, *inter alia,* (1) appointed the petitioner Carl J. Franzetti as a coconservator; (2) declined to appoint the cross petitioner Jennie Kehrsberger as coconservator; and (3) awarded compensation and counsel fees to the coconservators.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We reject the appellants' contention that the court of first instance abused its discretion in appointing the petitioner Franzetti as a coconservator. While Franzetti's multiple role as coconservator and as a cotrustee and contingent remainderman of a trust, the income of which is payable to the conservatee, raises a potential conflict of interest *(see generally, Matter of Silber,* 104 Misc 2d 574; *Matter of Gorman,* 77 Misc 2d 564), we find that the court adequately safeguarded against any possible abuse of the fiduciary relationship by appointing a coconservator and by imposing reporting requirements upon both conservators. Similarly, the mere fact that the petitioner is not related to the conservatee does not preclude his appointment as a coconservator, for the record demonstrates that he is the most capable and willing individual to serve in that capacity, while the relatives of the conservatee have demonstrated little planning and even less concern for the welfare of the conservatee *(see, e.g., Matter of Judas,* 74 AD2d 874; *Matter of Lyon,* 52 AD2d 847, *affd* 41 NY2d 1056; *see generally, Matter of Weisman,* 112 AD2d 871). Under these circumstances, the appointment of the petitioner cannot be characterized as an abuse of discretion.

The appellants' claims regarding the award of counsel fees and the provision for compensation of the coconservators are without merit *(see,* Mental Hygiene Law § 77.07 [d]; § 77.27; *see, e.g., Matter of Noel,* 92 AD2d 1053). Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.