In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Jack Gevins appeals, as limited by his brief, *604 from so much of a judgment of the Supreme Court, Kings County (Pesce, J.), dated March 4, 2003, as appointed Steven T. Rondos a coguardian of the property of Bertha W. and prohibited him from retaining counsel without prior court approval.
Ordered that the judgment is modified, on the law, by deleting the provision thereof appointing Steven T. Rondos as co-guardian of the property of Bertha W; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
In guardianship proceedings pursuant to Mental Hygiene Law article 81, “ ‘strangers will not be appointed [guardian] of the person or property of the incompetent, unless it is impossible to find within the family circle, or their nominees, one who is qualified to serve’ ” (Matter of Chase, 264 AD2d 330, 331 [1999], quoting Matter of Dietz, 247 App Div 366, 367 [1936]). In this case, the appellant, who is the nephew of Bertha W., demonstrated his ability to serve as guardian for his incapacitated aunt. We discern nothing in the record to suggest that the appellant requires the appointment of a coguardian to assist him in the discharge of his guardianship duties (cf Matter of Rothman, 263 NY 31, 34 [1933]; Matter of Lyon, 52 AD2d 847 [1976], affd 41 NY2d 1056 [1977]; Matter of West, 13 AD2d 599 [1961]).
The appellant’s remaining contention is without merit. Ritter, J.E, Florio, S. Miller and Luciano, JJ., concur.