In the Matter of the Appointment of a Committee for the Person and Property of JOHN E. DIETZ, an Alleged Incompetent. ROBERT E. DIETZ and Others, Appellants; GEORGE FRANKENTHALER, Respondent.

First Department, May 1, 1936.

*Elkan Turk* of counsel [*Benjamin Wiener* with him on the brief; *Herman Goldman*, attorney], for the appellants Robert E. Dietz, Ethel Dietz Nichols and Olga S. Dietz.

*Felix A. Muldoon*, special guardian for John E. Dietz and Gary, Sanderson, Robert and Olga Dietz, infants, appellant in person.

*Harold R. Medina* of counsel, for the respondent, and *George Frankenthaler*, respondent in person.

McAvoy, J.   A petition was presented to the court to have John E. Dietz declared incompetent and for the appointment of a committee of his person and estate to manage his affairs.   Findings that John E. Dietz is an incompetent were made by a jury. Robert E. Dietz, a son of the incompetent, moved for confirmation of these findings and for the appointment of himself and one Herman Goldman as a committee of the incompetent at the Special Term. The court struck from the order submitted upon this motion the name of Herman Goldman as one of the committee, and wrote in the names of George Frankenthaler and Herman Goldman.

Upon the original application, Olga Sanderson Dietz, the wife of the incompetent, and Ethel Dietz Nichols, his daughter, in writing and by affidavits joined in the request for and approved the appointment of Robert E. Dietz and Herman Goldman as the committee of the alleged incompetent.   Upon the motion to confirm the jury's findings, the special guardian for the alleged incompetent, and for the infant children, consented to the appointment of Herman Goldman and Robert E. Dietz.

Therefore, all of the adult members of the family, and the representative of the infants and the alleged incompetent either requested or consented to the appointment of Goldman and Dietz.   No one interested in the incompetent or his property objected to the appointment of Goldman and Dietz, or requested the appointment of any one else.

The court, without stating any reason, and unsupported by anything in the record, first struck from the proposed order the name of Herman Goldman as one of the committee, and then inserted the name of George Frankenthaler, and then reinserted the name of Herman Goldman.   We find no ground for thus disregarding the wishes of the family, nor is any actual or present adverse interest apparent which is likely to raise conflict between power and duty in the committee or incline such committee to disregard or invade the rights of the incompetent or favor themselves in the administration of the estate.

In the exercise of jurisdiction of the Supreme Court dealing with the affairs of incompetents, it has long been the rule that strangers will not be appointed as committee of the person or property of the incompetent, unless it is impossible to find within the family circle, or their nominees, one who is qualified to serve.

The same principle has been authoritatively declared as a part of the law of this State in a recent decision in our own Court of Appeals which states: " A disregard of such principles and the arbitrary appointment of one selected by the court without notice can only lead to criticism of the court and resentment on the part

of the next of kin and parties in interest." (*Matter of Rothman,* 263 N. Y. 31.) We think the appointment improvident in the circumstances and warranting revocation.

The order so far as appealed from should be reversed, without costs, and the application of Robert E. Dietz and the other next of kin of John E. Dietz for the appointment of Herman Goldman and Robert E. Dietz, only, as committee for the person and property of John E. Dietz granted.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order so far as appealed from unanimously reversed, without costs, and the application of Robert E. Dietz and the other next of kin of John E. Dietz for the appointment of Herman Goldman and Robert E. Dietz, only, as committee for the person and property of John E. Dietz granted. Settle order on notice.