In the Matter of the Application for the Appointment of a Committee of the Person and Property of CORNELIA E. WILLIAMS, an Alleged Incompetent Person.

ALICE D. PROCTOR and Others, Petitioners, Appellants; MYLES W. JOHNS, Respondent.

Fourth Department, October 6, 1937.

*Arthur N. Gleason*, for the appellants.

*Miles W. Jones*, for the respondent.

EDGCOMB, J. Cornelia E. Williams has been adjudicated a lunatic, and in consequence thereof incompetent to manage herself and her affairs, and Mr. E. Earl Jones, a well-known attorney residing in Whitesboro, Oneida county, N. Y., has been appointed committee of her person and property.

Before such appointment was made the next of kin of Miss Williams, eleven in number, united in a request to the court to appoint as such committee either Robert U. Hayes, of Clinton, N. Y., Alice D. Proctor, of New Hartford, N. Y., or Thomas B. Rudd, of Clinton, N. Y. Each of these persons is a prominent resident of Oneida county, and is fully competent to serve in such capacity and to properly look after and care for the incompetent's

personal comfort and welfare, as well as her business interests. Mr. Hayes is the president of the Hayes National Bank of Clinton, N. Y., and the husband of a first cousin of Miss Williams. Mrs. Proctor is an aunt by marriage. Mr. Rudd is an acquaintance, and a prominent attorney of Oneida county. None of these persons has any interest adverse to that of the incompetent. Their qualifications for the position are not questioned.

Notwithstanding this unanimous request of the incompetent's next of kin, the court refused to appoint any of the persons suggested, but named Mr. Jones. We are asked to reverse this appointment.

While no word of complaint as to the character or ability of Mr. Jones is forthcoming from the appellants, and while this court recognizes his competency, we are of the opinion that the wishes of those nearest to the incompetent should not have been thus disregarded, and that a stranger should not have been chosen over the nominee of the incompetent's next of kin. True, Mr. Jones had acted as attorney for Miss Williams in the past, and was familiar with her business affairs, but the unanimous petition of her relatives should not have been arbitrarily brushed aside and overlooked, when no impropriety could be found with the request.

The practice has become recognized and well established that the court, in the absence of a valid objection, should name as committee of the person and property of an incompetent the choice of the incompetent's next of kin, rather than some stranger, unless it is impossible to find within the family circle, or their nominees, one who is qualified to serve. (*Matter of Rothman,* 263 N. Y. 31; *Matter of Foster,* 254 id. 614; *Matter of Dietz,* 247 App. Div. 366; *Matter of Cooper,* 105 id. 449; *Matter of Lamoree,* 32 Barb. 122.)

This has long been acknowledged as a salutary rule, and there should be no departure from the practice, except for a good and valid reason. We find no sufficient explanation why this rule was not followed in the instant case. As is pointed out by Judge HUBBS in *Matter of Rothman* (263 N. Y. 31, at p. 33), the disregard of the principle, and the arbitrary appointment of one selected by the court over the wishes of the relatives of the incompetent can only lead to criticism of the court and resentment by the parties most interested in the proceeding. The welfare of an incompetent is a matter of public concern, and should be given most careful consideration. As a general rule, those nearest to such a one are deeply concerned in his comfort and care, and their counsel and advice should not be ignored or overlooked. Of necessity a committee must maintain more or less intimate relations with the . relatives of his ward, and their wishes as to the personnel of the

committee, unless they clash with the well-being and happiness of the incompetent, should be controlling.

For the reasons stated, we think that the order appealed from should be reversed in so far as it relates to the naming of the committee, and that the matter should be remitted to the County Court of Oneida county to proceed in accordance with this opinion, with costs to the appellants payable out of the estate.

All concur. Present — SEARS, P. J., EDGCOMB, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Order reversed on the law and the facts in so far as concerns the naming of the committee and matter remitted to the Oneida County Court with directions to proceed in accordance with the opinion and otherwise affirmed, with costs to the appellants payable out of the estate.