■ In the Matter of NAQUAN S. YESENIA T., Appellant; ETTA I., Respondent. [767 NYS2d 906]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian, the petitioner, Yesenia T., appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hall, J.), dated October 3, 2002, as, in effect, denied her application to appoint her attorney Steven T. Rondos as coguardian of the property of the incapacitated person, and instead appointed Etta I. as coguardian of the property of the incapacitated person.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the appointment of Etta I. as coguardian of the incapacitated person's property is vacated, and the application to appoint Steven T. Rondos as coguardian of the property is granted.

We agree with the petitioner that it was an improvident exercise of the Supreme Court's discretion to disregard her stated preference as to who should serve as coguardian of her incapacitated son's property. The case law in this state has firmly established that a stranger will not be appointed as guardian of an incapacitated person " 'unless it is impossible to find within the family circle, or their nominees, one who is qualified to serve' (*Matter of Dietz,* 247 App Div 366, 367 [1936])" (*Matter of Klein,* 145 AD2d 145 [1989]; *see also Matter of Gustafson,* 308 AD2d 305 [2003]; *Matter of Robinson,* 272 AD2d 176 [2000]; *Matter of Chase,* 264 AD2d 330 [1999]).

Accordingly, we vacate the appointment of Etta I., and instead appoint the petitioner's attorney, Steven T. Rondos, as coguardian of the incapacitated person's property. Smith, J.P., McGinity, Luciano and Townes, JJ., concur.