■ In the Matter of ANONYMOUS, an Alleged Incapacitated Person. [839 NYS2d 78]—

Orders, Supreme Court, New York County (William J. Davis, J.), entered December 8, 2006, on or about December 20, 2006 and January 4, 2007, respectively, inter alia, appointing petitioners pursuant to Mental Hygiene Law article 81 as the personal needs coguardians of the incapacitated person, and order, same court and Justice, entered February 22, 2007, denying appellant's motion to remove the coguardians or modify their powers, unanimously affirmed, without costs.

We perceive no basis to disturb Supreme Court's determination appointing the incapacitated person's sons to act as his coguardians in matters pertaining to his personal needs. The record demonstrates the sons are qualified to act as their father's guardians and selection of guardians from within an incapacitated person's family is, of course, preferred (*see Matter of Chase*, 264 AD2d 330, 331 [1999]). Contrary to appellant's contention, there is no evidence of conflict between family members rendering their discharge of guardianship obligations problematic (*cf. Matter of Wynn*, 11 AD3d 1014 [2004], *lv denied*

4 NY3d 703 [2005]). Appellant, although undoubtedly close to the incapacitated person, is not a member of his family and, accordingly, her differences with family members as to the incapacitated person's care do not constitute a family conflict justifying appointment of a guardian from without the family.

Appellant's arguments respecting purported evidentiary errors are not preserved for our review, and would, in any case, be unavailing.

Appellant's conclusory allegations provided no basis for removal of the coguardians or modification of their guardianship powers.

We have considered appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Sweeny, McGuire and Kavanagh, JJ.