[840 NYS2d 516]

In the Matter of ROSANNA E. HECKL et al., Respondents, for the Appointment of a Guardian of the Property of AIDA C., an Alleged Incapacitated Person, Appellant. PERMCLIP PRODUCTS CORP., Intervenor-Respondent. (Appeal No. 3.)

Fourth Department, July 18, 2007

**APPEARANCES OF COUNSEL**

*Phillips Lytle LLP*, Buffalo (*Alan J. Bozer* of counsel), for appellant.

*Lippes Mathias Wexler Friedman LLP*, Buffalo (*Thomas J. Gaffney* of counsel), for petitioners-respondents.

**OPINION OF THE COURT**

Scudder, P.J.

Petitioners commenced this proceeding pursuant to Mental Hygiene Law article 81 seeking, inter alia, a determination that their mother is an incapacitated person and the appointment of a guardian for her person and property. By its order entered September 20, 2006 granting the order to show cause, Supreme Court appointed a court evaluator pursuant to Mental Hygiene Law § 81.09, and in appeal No. 1 petitioners' mother, the alleged incapacitated person (AIP), appeals from the order appointing the Court Evaluator. The AIP thereafter answered the petition, and she subsequently moved for an order vacating the appointment of the Court Evaluator on the ground that her liberty interest is at stake and she therefore cannot be compelled to speak to the Court Evaluator without violating her rights pursuant to the Fifth Amendment of the United States Constitution and article I, § 6 of the New York Constitution. By its order in appeal No. 2 entered November 22, 2006, the court, inter alia, denied that motion and ordered that the Court Evaluator meet "immediately" with the AIP. Based upon the AIP's refusal to meet with the Court Evaluator, petitioners thereafter moved in December 2006 for an order finding the AIP in contempt pursuant to Judiciary Law § 753 for, inter alia, impeding the court's directive that the Court Evaluator meet with her and "punishing [the AIP] by fine or imprisonment or both." By its order in appeal No. 3 entered January 24, 2007, the court, inter alia, directed the AIP to meet with the Court Evaluator within 10 days of the entry of the order or "the [c]ourt will hold the AIP in contempt."

We note at the outset that the issue whether the constitutional rights of the AIP are implicated is an issue of first impression at the appellate level in this state. For the reasons that follow, we conclude that the AIP's constitutional rights against self-incrimination do not attach herein and that the orders in appeal Nos. 1 and 2 should be affirmed. With respect to the order in appeal No. 3, however, we conclude that the court erred in directing the AIP to meet with the Court Evaluator within 10 days of the entry of the order in that appeal and in providing that the AIP would otherwise be held in contempt. We therefore conclude that the order in appeal No. 3 should be modified by vacating those provisions and by dismissing the motion to punish the AIP for civil contempt.

By way of background, the AIP is the 80-year-old mother of petitioners and the president and sole shareholder of intervenor-respondent, Permclip Products Corp. (Permclip). Petitioners are not employees or directors of Permclip, although petitioner

Olivia J. Corey managed Permclip after her father's death in 2002 until June 2005. Petitioners allege, inter alia, that their mother has been diagnosed with dementia and that she is not able to care for her personal needs or to manage Permclip or her personal financial affairs. They further allege that their mother is influenced to her detriment by her longtime personal assistant. It is undisputed that the AIP and petitioners are estranged, but the reasons for the estrangement offered by petitioners and the AIP do not coincide. Petitioners contend that they seek to protect their mother and the company established by their father, while the AIP contends that petitioners seek only to benefit themselves by controlling her company and her fortune.

### The Appointment of a Court Evaluator is Mandated by Statute

■ The AIP concedes that Mental Hygiene Law § 81.09 (a) requires the court to appoint a court evaluator "[a]t the time of the issuance of the order to show cause," but she nevertheless contends that the court erred in refusing to vacate the appointment. According to the AIP, she is represented by counsel of her own choosing and the court therefore will have all the information required to determine the merits of the petition through the adversarial process. The AIP further contends that, because section 81.10 (g) permits the court to vacate or suspend the appointment of a previously appointed court evaluator if the court appoints counsel, the court should be permitted to do so when the AIP has retained counsel. The AIP contends that her constitutional right to be protected from acting as a witness against herself will be violated in the event that she meets with the Court Evaluator because information obtained by the Court Evaluator may be admitted in evidence at the hearing on the petition (see § 81.12 [b]).

Article 81 of the Mental Hygiene Law was enacted to replace articles 77 and 78, which governed conservatorship and committee proceedings, respectively (see Bailly, Practice Commentaries, McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.01, at 7). The statutory scheme is designed to provide a flexible system that is tailored to meet the personal and/or property management needs of a person requiring some form of assistance (see Mental Hygiene Law § 81.01; see generally Bailly, Practice Commentaries, at 7). The Legislature determined that the needs of an AIP would be best met by assuring that the AIP has legal representation to advocate for the AIP if necessary

(*see* Mental Hygiene Law § 81.10), but the Legislature also determined that the appointment of a court evaluator would be beneficial in "provid[ing] an independent assessment of the [AIP]" (Law Rev Commn Comments, reprinted in McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.10, at 130). The Law Revision Commission recognized that

> "[t]he differentiation between the two roles reflects the two competing views of guardianship proceedings. Given the serious issues at stake in a guardianship proceeding, there is, on the one hand, strong support for . . . the adversarial approach to guardianship proceedings. On the other hand, there is recognition that an objective 'best interests' assessment of the [AIP], rather than the adversarial approach, may better serve the needs of [the AIP]" (*id.*).

Here, the AIP views the Court Evaluator as an adversary and thus part of the adversarial process, and not as an "independent investigator" whose function is to aid the court in determining, inter alia, the capacity of the AIP and his or her need for a guardian or guardians (Law Rev Commn Comments, Mental Hygiene Law § 81.09, at 110). Although we cannot say that the position of the AIP is unreasonable, it simply does not comport with the statutory scheme. We thus conclude that the court is without statutory authority to dispense with the Court Evaluator herein, despite its authority to do so if counsel had been appointed (*see* Mental Hygiene Law § 81.10 [g]). The legislative intent is clear: "The appointment of a court evaluator is mandatory in every case, with one exception. The court may dispense with or suspend the appointment of the court evaluator only when the court appoints counsel under section 81.10" (Law Rev Commn Comments, § 81.09, at 110). Because "some estates may be financially overburdened by the expenses of both the court evaluator and counsel," the court is permitted to dispense with the court evaluator if counsel is appointed (Law Rev Commn Comments, § 81.10, at 130) and, in the event that an AIP is indigent, counsel shall be compensated pursuant to article 18-B of the County Law (*see Matter of St. Luke's-Roosevelt Hosp. Ctr. [Marie H.—City of New York]*, 89 NY2d 889, 892 [1996]). Inasmuch as the statutory exception does not apply to the AIP, the court properly refused to vacate its appointment of the Court Evaluator.

### The Impact on the AIP's Constitutionally Protected Rights

■ The AIP contends that she may assert her right against self-incrimination by refusing to provide information to the Court Evaluator that may be used against her in the guardianship proceeding. We agree with the AIP that, because a guardian may be granted the authority to make decisions affecting her most basic rights, including whether she will reside in her own home or be placed in a facility, "her constitutionally protected liberty interests [a]re at stake" in this proceeding (*id.* at 891). We nevertheless conclude that the right against self-incrimination is not implicated herein.

The right against self-incrimination applies to protect a person from "inculpatory" statements, i.e., statements that the person " 'may reasonably apprehend could be used in a criminal prosecution' " (*In re Gault,* 387 US 1, 48 [1967]; *see* US Const Fifth Amend; NY Const, art I, § 6; CPLR 4501; *Matter of Ashley M.,* 256 AD2d 825, 826 [1998]), and thus statements made to a court evaluator are not subject to the constitutional protection against self-incrimination. Furthermore, despite the potential loss of liberty, the right against self-incrimination does not attach in all instances wherein a liberty interest is affected (*see generally Allen v Illinois,* 478 US 364, 372 [1986]). The Supreme Court in *Allen* differentiated between confinement for the purpose of punishment and confinement for the purpose of treatment (*see generally id.* at 372-373). Although the AIP obviously may view the issue differently, the view of the Legislature and the courts is that any potential confinement would be for the purpose of care and treatment (*see generally id.*), rather than for the purpose of punishment (*cf. Gault,* 387 US at 50). We therefore conclude that the right against self-incrimination does not attach to the AIP's affected liberty interest (*cf. Matter of A.G.,* 6 Misc 3d 447, 452-453 [2004]).

We nevertheless conclude that the court is without power to compel the AIP to meet with the Court Evaluator. It is clear that the statutory intent of article 81 of the Mental Hygiene Law is to meet the needs, if any, of the AIP (*see generally* Mental Hygiene Law § 81.01). In furtherance of that statutory intent, the Legislature has imposed upon the Court Evaluator a myriad of duties and responsibilities (*see* § 81.09 [c]), including the duty to meet with the AIP (*see* § 81.09 [c] [1]). In requiring a court evaluator to provide his or her "personal observations as to the [AIP]" in his or her report to the court (§ 81.09 [c] [5]), the Legislature is ensuring that the Court Evaluator's report is not

" 'a rubber stamp' of how others view the [AIP]" (Law Rev Commn Comments, § 81.09, at 110). There is, however, no concomitant statutory duty imposed upon the AIP to meet with the Court Evaluator. Rather, the AIP herein has chosen not to avail herself of the statutory protection of providing the court with the independent report of the Court Evaluator regarding her "personal wishes, preferences and desires" (Mental Hygiene Law § 81.01). Although we recognize that the Court Evaluator is thus hampered in the performance of his statutory duties, we conclude that the AIP cannot be compelled to meet with and speak with the Court Evaluator, and we therefore conclude that the order in appeal No. 3 should be modified by vacating that part directing the AIP to do so.

## Petitioners Failed to Establish their Entitlement to an Order to Punish the AIP for Civil Contempt

As previously noted herein, petitioners by order to show cause sought to hold the AIP in civil contempt pursuant to Judiciary Law § 753 (A) (3) on the ground that she had, inter alia, impeded the court's directive that the Court Evaluator meet with her "immediately," and they sought a punishment of the AIP by fine or imprisonment or both. We cannot ignore the incongruity of their request to punish their mother "by fine or imprisonment or both" in the very same proceeding in which they allege that she is physically and mentally incapable of caring for herself. Nevertheless, even in view of that incongruity, we conclude that petitioners failed to sustain their burden of establishing that there was any disobedience of a lawful and unequivocal mandate of the court by a party to the proceeding (see § 753 [A] [3]; McCain v Dinkins, 84 NY2d 216, 226 [1994]). We note that, although the AIP is the subject of the proceeding, she is not a respondent and therefore is not a party to the proceeding (see generally CPLR 105 [b]). Thus, the provisions of Judiciary Law § 753 (A) (3) permitting the court to punish a party for the disobedience of a lawful mandate do not apply to the AIP. In any event, even assuming, arguendo, that the AIP is a party to the proceeding, we conclude that the lawful mandate of the court ordering that the Court Evaluator meet with the AIP immediately was directed at the Court Evaluator, not the AIP. Furthermore, "[c]ivil contempt has as its aim the vindication of a private party to litigation and any sanction imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with the benefits of the mandate"

(*McCain*, 84 NY2d at 226). In contending that the AIP has impeded the function of the Court Evaluator, who is not a party to the proceeding (*see generally* CPLR 105 [b]; Mental Hygiene Law § 81.09), petitioners have thus failed to allege, much less establish, that they have sustained an injury requiring vindication (*see McCain*, 84 NY2d at 226). We therefore conclude that the order in appeal No. 3 should be further modified by vacating that part holding the AIP in contempt in the event she does not meet with the Court Evaluator and by dismissing the motion to punish the AIP for civil contempt.

## Conclusion

Accordingly, we conclude that the orders in appeal Nos. 1 and 2 should be affirmed. We further conclude that the order in appeal No. 3 should be modified by vacating those parts directing the AIP to meet with the Court Evaluator and providing that the AIP would otherwise be held in contempt and by dismissing the motion to punish the AIP for civil contempt.

CENTRA, LUNN, FAHEY and PERADOTTO, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the second and third ordering paragraphs and by dismissing the motion to punish for civil contempt and as modified the order is affirmed without costs.