OPINION OF THE COURT
James D. Pacones, J.
The issue for the court’s determination is whether the alleged incapacitated person (AIP) in this guardianship proceeding under Mental Hygiene Law article 81 can be required to testify against himself at a hearing conducted pursuant to section 81.11.
Background
The court recently completed a hearing under Mental Hygiene Law § 81.23 (a) to determine whether a temporary guardian for the property management needs of the AIP and a guardian for personal care needs were necessary. The court determined that a temporary guardian for the property management needs was warranted and denied the application for a personal care needs guardian in its decision, findings of fact and order, dated and entered July 19, 2012.
The AIP attended the hearing with his court appointed attorney. The AIP did not testify, present witnesses or submit documentary evidence for consideration (at 2). The court sustained the objection of the AIP’s attorney when counsel for the petitioner Department of Social Services (DSS) attempted to call the AIP as a witness for its case-in-chief (tr, July 13, 2012, at 3).
The parties and temporary guardian for property management have been directed to appear for a hearing on July 26, 2012 at 2:00 p.m. for the purpose of determining whether the temporary guardianship should be made permanent.
In the interim, counsel for DSS submitted correspondence supported by case law and legal analysis indicating that the petitioner intends to call the AIP to testify at the hearing. Counsel for the AIP has, in turn, responded in kind in opposition. As such, the court treats these submissions as an application for in limine determination.
Decision
Among its findings and declaration of purpose when enacting Mental Hygiene Law article 81, the New York State Legislature expressed the following sentiment:
*420 “The legislature finds that it is desirable for and beneficial to persons with incapacities to make available to them the least restrictive form of intervention which assists them in meeting their needs but, at the same time, permits them to exercise the independence and self-determination of which they are capable. The legislature declares that it is the purpose of this act to promote the public welfare by establishing a guardianship system which is appropriate to satisfy either personal or property management needs of an incapacitated person in a manner tailored to the individual needs of that person, which takes in account the personal wishes, preferences and desires of the person, and which affords the person the greatest amount of independence and self-determination and participation in all the decisions affecting such person’s life.” (Mental Hygiene Law § 81.01.)
Procedural due process safeguards are included in the statute. The AIP is entitled to proper notice, legal representation, the right to demand a jury trial, the right to be present at any hearing, present evidence and otherwise participate. Moreover, the record of any hearing and records obtained by the court evaluator pursuant to Mental Hygiene Law § 81.09, mental hygiene facility records and records subject to 42 CFR 2.64 and New York Public Health Law § 2785 are potentially subject to an order sealing them from the public. (Article 81 of the Mental Hygiene Law, Best Practices Manual, ch 2, IV [B] [Dec. 2005].)
The statute (Mental Hygiene Law § 81.11 [c]) mandates that a hearing to determine whether the appointment of a guardian is necessary for the AIP must, unless it is established that the AIP is completely unable to participate in the hearing, be conducted in the presence of the AIP “so as to permit the court to obtain its own impression of the person’s capacity.” Words of ordinary import used in a statute are to be given their usual and commonly understood meaning, unless it is plain from the statute that different meaning is intended. (McKinney’s Cons Laws of NY, Book 1, Statutes § 232.) The word impression means, “a characteristic, trait, or feature resulting from some influence” (Merriam-Webster’s Collegiate Dictionary [10th ed]); “[a]n effect, feeling, or image retained as a consequence of experience” (The American Heritage Dictionary of the English Language 882 [4th ed]). Noticeably silent from the cited statute is that the AIP is required to testify. The court’s impression of *421 the AIP is set forth in its decision, findings of fact and order (at 8, 11 20).
A determination that a person is incapacitated under article 81 must be based on clear and convincing evidence. The petitioner bears the burden of proof. (Mental Hygiene Law § 81.12 [a].) The court is only permitted to waive the rules of evidence “for a good cause shown.” (Mental Hygiene Law § 81.12 [b].) The waiver provision applies only in uncontested proceedings where there is consent to the appointment of a guardian. (Matter of Rosa B.-S. [William M.B.], 1 AD3d 355 [2d Dept 2003].)
Even with the protections afforded the AIP so as to implement the legislature’s stated findings and purpose, Mental Hygiene Law article 81 has been described as a “statute at war with itself.” (Fish, Does the Fifth Amendment Apply in Guardianship Proceedings?, NYLJ, Feb. 25, 2011 at 3, col 1.) The statute “has at its core the contradictory notions of an adversarial model and a paternalistic model.” (Id.)
The AIP in this proceeding does not consent to the appointment of a guardian. He has not affirmatively placed his condition in issue, nor has he waived any of his statutory privileges.
Counsel for the petitioner has cited Matter of Aida C. (66 AD3d 1344, 1347 [4th Dept 2009]) and Matter of Aida C. (44 AD3d 110, 115 [4th Dept 2007]) as the authority to compel the AIP to testify at the hearing. The appellate court in Matter of Aida C. relied in part upon its prior ruling in Matter of Aida C. that an AIP’s Fifth Amendment rights against self-incrimination are not implicated in an article 81 proceeding (66 AD3d at 1347). The issue before the Court in that decision involved the AIP’s refusal to meet and speak with the court evaluator, not testify at a hearing on capacity under Mental Hygiene Law § 81.11. The Aida C. decision then states: “We likewise conclude that [the AIP’s] due process rights are not violated inasmuch as the court is charged with determining her best interests (see generally Wynn, 11 AD3d at 1015).” (Aida C., 66 AD3d at 1348.)
The case relied upon by the appellate court in Matter of Wynn (11 AD3d 1014 [4th Dept 2004]) is Matter of Lyon (52 AD2d 847 [2d Dept 1976], aff’d 41 NY2d 1056 [1977]). The Lyon Court based its determination upon Mental Hygiene Law article 77 which was in effect at the time. While article 77 may have allowed for a best interests standard at that time, article 77 was replaced by article 81, effective April 1, 1993 (McKinney’s Cons Laws of NY, Book 34A, Mental Hygiene Law article 81, Historical and Statutory Notes at 4).
*422 There are only two references to best interests in article 81. The first is section 81.07 (g) (1) (iv) which addresses itself to who is entitled to notice of the proceeding. The second is section 81.21 (b) (6) (iii) which relates to authorizing the guardian for property management to turn over a photocopy of the incapacitated person’s will or similar instrument.
The appointment of a guardian under article 81 must be based upon clear and convincing evidence (Mental Hygiene Law § 81.12 [a]) as demonstrated by the petitioner. This standard is much higher than best interests. It is consistent with the stated legislative findings and purpose to afford persons who are the subject of an article 81 proceeding the opportunity to exercise the independence and self-determination of which they are capable (Mental Hygiene Law § 81.01). The rules of evidence cannot be waived when the matter is contested. (Matter of Rosa B.-S. [William M.B.])
By providing the AIP with an abundance of safeguards so as to insure that any guardianship shall only result in the least restrictive form of intervention (Mental Hygiene Law §§ 81.01, 81.02 [a] [2]; 81.03 [d]; 81.21 [a]; 81.22 [a]), the legislature clearly expressed its intention that he or she have heightened rights previously absent under former articles 77 and 78 of the Mental Hygiene Law. Those articles dealt with conservators and committees.
A decision more directly on point is Matter of A.G. (6 Misc 3d 447 [Sup Ct, Broome County 2004]). In sum, the court carefully dissected the issue of an AIP’s right to refuse to testify based upon federal and state constitutional grounds, the statutory right against self-incrimination incorporated in CPLR 4501, and the important decision by our State’s Court of Appeals, Rivers v Katz (67 NY2d 485 [1986], rearg denied 68 NY2d 808 [1986]). That decision made it clear that a person retains his or her civil rights in a proceeding where personal liberty is at stake.
One only need review the powers of a guardian for property management (Mental Hygiene Law § 81.21) and personal needs (Mental Hygiene Law § 81.22) to understand that a person’s liberty interest is most definitely at stake once a finding of incapacity is made. Determining where the person can live, with whom the person can associate, making medical and dental decisions, determining whether the person should travel, deciding the person’s social environment, authorizing access to or the release of confidential records, whether the person can operate a motor vehicle, and making decisions with respect to the management *423 and expenditure of one’s assets go to the very core of one’s independence and ability to enjoy the pleasures of life. As one noted authority succinctly states: “Simply put, the burden is on the petitioner to prove incapacity, not on the AIP to disprove it.” (1 Abrams, Guardianship Practice in New York State, ch 12, § VI at 583.) A petitioner has available other possibilities. Testimony can be obtained from lay witnesses, such as family members, neighbors or friends, as well as experts. (Fish, Does the Fifth Amendment Apply in Guardianship Proceedings? at 6; Mental Hygiene Law § 81.11 [2].)
The determination in Aida C., which relied upon the determination in Wynn, which in turn based its decision on the determination in Lyon, was based upon a standard that had already been repealed by the enactment of article 81. Therefore, this court is not bound by stare decisis as stated in Mountain View Coach Lines v Storms (102 AD2d 663 [2d Dept 1984]).
For the foregoing reasons, the AIP’s objection to being compelled to testify as a witness for the petitioner is sustained.