Matter of Kimberly DD. (2023 NY Slip Op 05298)

Matter of Kimberly DD.

2023 NY Slip Op 05298

Decided on October 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 19, 2023

535921
[*1]In the Matter of Kimberly DD., Alleged to be an Incapacitated Person. Brooke Daley, as Administrator of the Washington Center for Rehabilitation and Nursing, Petitioner; Kimberly DD., Respondent. Washington County Department of Social Services, Appellant, and Saratoga County Department of Social Services, Respondent.

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons and Ceresia, JJ.

Roger A. Wickes, County Attorney, Fort Edward (Daniel S. Martindale of counsel), for appellant.
Sheila E. Shea, Mental Hygiene Legal Service, Albany (Shannon L. Stockwell of counsel), for Kimberly DD., respondent.
Michelle Granger, County Attorney, Ballston Spa (Ann Flower E. Stitt of counsel), for Saratoga County Department of Social Services, respondent.

Lynch, J.P.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), entered August 11, 2022 in Washington County, which, in a proceeding pursuant to Mental Hygiene Law article 81, appointed Washington County Department of Social Services as guardian for the person of respondent.
In June 2022, petitioner, a skilled nursing home facility located in Washington County, filed a petition pursuant to Mental Hygiene Law article 81 seeking the appointment of a guardian for one of its residents, respondent. Respondent had lived in the facility since 2013. Supreme Court appointed counsel for respondent and, after a hearing on July 20, 2022, granted the petition, directing petitioner to prepare a proposed judgment naming the Washington County Commissioner of Social Services (hereinafter referred to as Washington County) as guardian. After being notified of the proposed appointment, Washington County submitted an objection to the court, contending that the Saratoga County Commissioner of Social Services (hereinafter referred to as Saratoga County) was the more appropriate guardian since respondent was a resident of Saratoga County prior to her admission to petitioner's facility and receives Medicaid assistance through Saratoga County. The court signed the judgment as submitted. Washington County appeals.[FN1]
We begin by emphasizing that the parties do not challenge Supreme Court's determination to appoint a guardian of the person for respondent. Rather, in the recognized absence of any family or other individuals to appoint, the dispute centers on whether the Social Services Commissioner of either Washington County or Saratoga County should serve as guardian. As a threshold argument, Washington County maintains that the court lacked personal jurisdiction over respondent because petitioner's administrator personally served her with the underlying pleadings. While a party may not personally serve papers (see CPLR 2103 [a]), the administrator is not personally a party because she is suing in a representative capacity and we consider any discrepancy in this regard " 'a mere irregularity' " (Matter of Conti v Clyne, 120 AD3d 884, 886 [3d Dept 2014], lv denied 23 NY3d 908 [2014], quoting Matter of Schodack Concerned Citizens v Town Bd. of Town of Schodack, 148 AD2d 130, 133 [3d Dept 1989], lv denied 75 NY2d 701 [1989]). In any event, respondent was represented by counsel and participated in the proceeding, thereby waiving any objection.
We agree with Washington County that Supreme Court erred in failing to provide it with notice of the proceeding pursuant to Mental Hygiene Law § 81.07, but do not agree that such error is a fatal jurisdictional defect. The statute draws a distinction between service of the petition and a separate notice of the proceeding. The order to show cause and petition, together with any supporting affidavits, must be served on the alleged incapacitated person, the person's counsel and the court evaluator appointed by the court (see Mental Hygiene [*2]Law § 81.07 [b] [3]; [e] [1] [i]-[iii]). A separate notice of the proceeding, together with a copy of the order to show cause, must be mailed to family members, if any, and other interested parties (see Mental Hygiene Law § 81.07 [g] [1], [2]). Pertinent here, where the petitioner knows that the alleged incapacitated person "receives public assistance," notice must be sent to "the local department of social services" (Mental Hygiene Law § 81.07 [g] [1] [v]).[FN2]
As discussed, we have determined that respondent was duly served and note that respondent raises no challenge as to Supreme Court's jurisdiction. That said, as it is undisputed that respondent was receiving Medicaid assistance, the court was required to provide notice to "the local department of social services" (Mental Hygiene Law § 81.07 [g] [1] [v]) and failed to provide any such notice to either Washington County or Saratoga County. Nevertheless, the error is not jurisdictional in nature under the statutory structure described above (see Matter of Rose, 26 Misc 3d 1213[A], *1, 2010 NY Slip Op 50087[U] [Sup Ct, Dutchess County 2010]), and the court received Washington County's opposition papers prior to issuing the judgment.
Finally, under the circumstances presented, we cannot say that Supreme Court abused its discretion in appointing Washington County as guardian. Nonetheless, in view of Saratoga County's status under Social Services Law § 62 as respondent's residence for purposes of medical assistance and public assistance or care, we conclude, in the exercise of our own discretion, that Saratoga County's Commissioner should serve as respondent's guardian (see Matter of Von Bulow, 63 NY2d 221, 224 [1984]). Under Social Services Law § 62 (5) (d), when, as here, a person who was admitted to a nursing home located in a "district other than the district in which he [or she] was then residing . . . is or becomes in need of medical assistance, the social services district from which he [or she] was admitted . . . shall be responsible for providing such medical assistance" (emphasis added). Here, Saratoga County openly acknowledges that it is respondent's residence district under Social Services Law § 62 and, in fact, has and continues to provide medical assistance to her. Saratoga County maintains, nonetheless, that its fiscal role does not make it the most appropriate entity to serve as guardian. The statute, however, also charges the residence district with providing "public assistance or care" (Social Services Law § 62 [5] [d]). Pertinent in that regard, under Social Services Law § 473, a resident social services district must also provide "protective services" to an individual in need, including services "arranging, when necessary, for . . . guardianship . . . either directly or through referral to another appropriate agency" (Social Services Law § 473 [1] [c]; see 18 NYCRR 457.1 [a]; [d] [7], [9]). Given this statutory mandate, we conclude that Saratoga County's Commissioner of Social [*3]Services should serve as respondent's guardian.
Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the judgment is modified, on the facts, without costs, by substituting the Saratoga County Commissioner of Social Services as guardian for respondent, and, as so modified, affirmed.

Footnotes

Footnote 1: There is no dispute that Washington County is an aggrieved party for purposes of taking this appeal (see CPLR 5511) and we have accepted briefs filed on behalf of both Washington County and Saratoga County.

Footnote 2: The statute refers to Social Services Law article 9-B, entitled "Adult Protective Services." The reference to Title 9-B, "Public assistance employment programs," in Saratoga County's appellate brief is misplaced; that provision is included in Social Services Law article 5.