Matter of Chang v Billie J.C.-W. (2025 NY Slip Op 02446)

Matter of Chang v Billie J.C.-W.

2025 NY Slip Op 02446

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

112 CA 24-00050

[*1]IN THE MATTER OF AARON CHANG, AS PRESIDENT OF SISTERS OF CHARITY HOSPITAL, PETITIONER-RESPONDENT,
v
BILLIE J.C.-W., ALSO KNOWN AS BILLI C., ALSO KNOWN AS MARIA T.R., ALSO KNOWN AS MARIA TRACEY R., ALSO KNOWN AS MARIA T.W., ALSO KNOWN AS MARIA R., RESPONDENT. COMMISSIONER OF DEPARTMENT OF SOCIAL SERVICES OF ONEIDA COUNTY, NONPARTY APPELLANT. 

AMANDA L. CORTESE-KOLASZ, COUNTY ATTORNEY, UTICA (SUSAN L. SCHNEIDER OF COUNSEL), FOR NONPARTY APPELLANT.

 Appeal from an order of the Supreme Court, Erie County (M. William Boller, A.J.), entered November 16, 2023, in a proceeding pursuant to Mental Hygiene Law article 81. The order, inter alia, appointed the Commissioner of the Department of Social Services of Oneida County, as the permanent guardian of the person and property of respondent. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and in the exercise of discretion without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of respondent Billie J.C.-W., an allegedly incapacitated person (AIP). Nonparty Commissioner of the Department of Social Services of Oneida County (Oneida County) appeals from an order determining that the AIP was incapacitated and in need of a guardian and appointing Oneida County to be her guardian. Oneida County contends, inter alia, that Supreme Court committed numerous procedural errors requiring reversal of the order. As a preliminary matter, we note that all of those procedural contentions are being raised by Oneida County for the first time on appeal. Although the contentions regarding those errors are not preserved for our review (see Matter of Anonymous, 41 AD3d 346, 347 [1st Dept 2007]), we nevertheless exercise our "inherent power to vacate [an article 81 order] in the interest of substantial justice . . . because the court held a hearing pursuant to Mental Hygiene Law § 81.11 in [the AIP's] absence and without having made a finding regarding her inability to meaningfully participate in the hearing" (Matter of Jenkins v Gina B., 232 AD3d 469, 469 [1st Dept 2024]; see Matter of Nima B.R. [Rae-Garwood], 233 AD3d 879, 880 [2d Dept 2024]).
"Guardianship proceedings, as a drastic intervention in a person's liberty, must adhere to proper procedural standards" (Nima B.R., 233 AD3d at 880; see Matter of Panartos, 308 AD2d 350, 351 [1st Dept 2003]). Pursuant to Mental Hygiene Law § 81.11, where a petition to have a guardian appointed for an AIP has been filed (see §§ 81.06-81.08), "[a] determination that the appointment of a guardian is necessary for a person alleged to be incapacitated shall be made only after a hearing" (§ 81.11 [a]). Any party to the proceeding "shall" have the right to present evidence, call witnesses, cross-examine witnesses and be represented by counsel (§ 81.11 [b] [1]-[4]).
Most importantly, "[t]he hearing must be conducted in the presence of the person alleged to be incapacitated, either at the courthouse or where the person alleged to be incapacitated [*2]resides" (Mental Hygiene Law § 81.11 [c] [emphasis added]), unless the person is outside the state or "all the information before the court clearly establishes that (i) the person alleged to be incapacitated is completely unable to participate in the hearing or (ii) no meaningful participation will result from the person's presence at the hearing" (§ 81.11 [c] [2]; see § 81.11 [c] [1]; Nima B.R., 233 AD3d at 880). "There is an 'overarching value in a court having the opportunity to observe, firsthand, the allegedly incapacitated person' " (Matter of Banks [Gwendolyn R.], 138 AD3d 519, 520 [1st Dept 2016]; see Nima B.R., 233 AD3d at 880).
Here, the court did not conduct a hearing in the presence of the AIP. Although the court evaluator informed the court that "[a]ll of the parties here right now agree that the AIP needs a guardian," it is unclear whether that statement by the court evaluator constitutes an agreement by the AIP's attorney to the court's determination to appoint a guardian for all of the AIP's person and property. Regardless, even if we were to deem this a situation where the AIP's attorney agreed that the AIP consented to the appointment, "a court should not accept counsel's representation that the AIP has consented to the appointment of a guardian where the AIP is not present" (Matter of Kover, 134 AD3d 64, 78-79 [1st Dept 2015]). "[T]he court must first determine whether the AIP has the requisite capacity to consent, and must then make a finding of the AIP's agreement to the terms of the guardianship, on the record" (id. at 79).
Thus, we reverse the order and remit the matter to Supreme Court "for a new hearing at which the AIP shall be afforded an opportunity to be present and a new determination thereafter" (Nima B.R., 233 AD3d at 880). We further conclude that, "[p]ending such hearing and determination, the status quo shall remain the same" (id.).
Based on our determination, we need not reach Oneida County's remaining contentions regarding additional procedural errors, including the court's failure to set forth the statutory findings on the record supporting its determination, including a lack of findings with respect to the AIP's functional limitations supporting the determination that appointing a guardian over the entire person and property of the AIP was the least restrictive intervention (see Mental Hygiene Law §§ 81.02 [a], [c]; 81.15 [a] [1], [2]; see generally Matter of Samuel S. [Helene S.], 96 AD3d 954, 957-958 [2d Dept 2012], lv dismissed 19 NY3d 1065 [2012]; Matter of Daniel TT. [Diane UU.], 39 AD3d 94, 97 [3d Dept 2007]). We also do not reach Oneida County's contention that the court erred in appointing Oneida County as the guardian, although we note that, without any evidence or testimony in the record, we would be unable to determine whether the court abused its discretion (see Matter of Kimberly DD., 220 AD3d 1091, 1093 [3d Dept 2023], lv denied 41 NY3d 903 [2024]; Matter of Gladwin, 35 AD3d 1236, 1237 [4th Dept 2006]) or improvidently exercised its discretion (see Matter of Naquan S., 2 AD3d 531, 531 [2d Dept 2003]; Matter of Gustafson, 308 AD2d 305, 307 [1st Dept 2003]) in making its determination regarding who should be appointed the AIP's guardian.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court